W. B. FLETCHER, Appellee, *vs.* T. S. UNDERWOOD *et al.*—
(S. E. CARNEY, Appellant.)

*Opinion filed June 16, 1909.*

1. STATUTE OF FRAUDS—*agent's contract, as well as his authority, should be evidenced by writing.* In order to bind the owner of land, or of an interest in an oil lease, by a sale made by his agent, it is not only necessary that the authority of the agent be in writing, but also that the contract made by the agent, or some memorandum thereof, be in writing and signed by the agent.

2. SPECIFIC PERFORMANCE—*what is not a waiver of defense of Statute of Frauds.* The fact that the owner of an interest in an oil lease, on being informed by his agent that the latter had made a sale of such interest, bases his refusal to perform upon other grounds than the Statute of Frauds does not waive the defense of such statute, where he was not informed by the agent that the alleged sale by him was not evidenced by any writing.

APPEAL from the Circuit Court of Lawrence county; the Hon. J. R. CREIGHTON, Judge, presiding.

On February 13, 1908, W. B. Fletcher, the appellee, filed his bill in the circuit court of Lawrence county against T. S. Underwood and others to compel the specific performance of a contract for the sale of an undivided one-fourth interest in certain real estate, alleged to have been entered into by appellee and S. E. Carney, one of the defendants. Later the bill was dismissed as to certain of the defendants and a joint and several answer was filed by the others. The answer, among other things, denied the execution of the contract as set out in the bill, denied that appellee was entitled to the relief sought, and interposed the Statute of Frauds. A replication thereto was filed, and upon a hearing before the chancellor a decree was entered granting the relief prayed against S. E. Carney and dismissing the bill as to the remaining defendants. From that decree Carney has prosecuted this appeal.

It appears from the record that on January 22, 1908, Carney was the owner of an undivided one-fourth of certain oil lands in Lawrence county. The estate of which he owned the undivided one-fourth had been created by a so-called oil lease. On the day last mentioned Carney executed and delivered to C. H. Parriott an instrument in writing authorizing the latter to sell Carney's interest in the land. That instrument as offered in evidence reads as follows:

"BIRDS, ILLINOIS, *January 22, 1908.*

"I hereby empower C. H. Parriott to sell my undivided one-fourth interest in A. M. Steffy lease, near Birds, Illinois, with one well completed, together with the appurtenances thereto belonging, free from debt, for the sum of two thousand dollars, to be accepted on or before Monday, January 27, 1908, and I will upon demand, within said time, make good and sufficient transfer for said interest.

S. E. CARNEY.

Witness: C. F. CARNEY."

Appellant, who signed it, and his brother, who attested it as a witness, both testified that at the time it was signed the contract fixed Saturday, January 25, 1908, as the final date upon which the interest could be disposed of, and that it had been altered, since its signing, to read Monday, January 27. The evidence for the appellee indicated, and the court found, that the contract was signed in the form in which it was offered in evidence. About six o'clock in the evening of Saturday, January 25, 1908, Carney, not having heard from Parriott that he had effected a sale, sold the one-half of his undivided one-fourth interest in the real estate to Johnson & Son at a higher rate than that at which he had priced his entire interest by the contract above set out. Parriott learned of this, and being then at Lawrenceville, the county seat, had a message sent to the circuit clerk asking him to meet Parriott at the circuit clerk's office, which was then closed. The clerk complied and met Parriott in the office between eight and nine o'clock in the evening. Parriott then presented his contract with Carney for record and the clerk filed it as of 5:30 P. M. on that day. Parriott waited until it was recorded and then took it away with him.

On January 27, 1908, Parriott met Carney and told him he had sold the property and was ready to pay the money when he (Carney) made the transfer. Carney said it was too late and that he had sold an interest in the property to another. Parriott insisted that it was not too late, and exhibited his contract with Carney. The latter said the contract had been changed in the manner hereinabove suggested, so that the limit within which it might be carried out was extended two days. No tender was made by Parriott and he did not disclose the name of the person to whom he claimed he had sold the property at that or any other time prior to the beginning of this suit. He testified, however, that on Friday, the 24th of January, 1908, in his capacity as agent or attorney in fact for Carney, he had

sold the interest to himself in his capacity as agent for Fletcher, the appellee.  Fletcher is a brother-in-law of Parriott and resides in West Virginia.  He took no part in any of the negotiations and did not attend the trial.  His testimony was not taken.  Parriott testified that he had a general authority from Fletcher to purchase oil land for him, and that Fletcher had the necessary $2000 and was willing to comply with the contract of sale at all times after it was made for him by Parriott.  There was no writing evidencing the contract which Parriott says he, representing Carney, made with himself, representing Fletcher.

PARKER & EAGLETON, and MCGAUGHEY & TOHILL, for appellant:

The authority of the agent must be in writing, signed by the principal, before the agent has authority to bind the principal, and there shall be a memorandum signed by the agent to be binding on the principal.  *Albertson* v. *Ashton,* 102 Ill. 50; *Lasher* v. *Gardner,* 124 id. 441; *Kopp* v. *Reiter,* 146 id. 437; *Koenig* v. *Dohm,* 209 id. 468.

A party ought not be in position where he can hold the other party to the contract and compel its performance and at the same time be at liberty to avoid the contract on his part. *Cowan* v. *Curran,* 216 Ill. 598.

When the Statute of Frauds is set up in answer to a bill in chancery and no exception is taken to the manner in which it is pleaded, the defendant may rely on such defense, both in the trial and Supreme Courts, and the statute need not be referred to by title.  *Morton* v. *Nelson,* 145 Ill. 586; *Koenig* v. *Dohm,* 209 id. 468; *Wright* v. *Raftree,* 181 id. 464; *Schoonmaker* v. *Plummer,* 139 id. 612.

The right to enter upon the lands of another and mine for ore is an interest in land and must be in writing.  *Entwhistle* v. *Henke,* 211 Ill. 273.

The right to operate for oil and gas is an interest in real estate—a freehold estate.  *Bruner* v. *Hicks,* 230 Ill. 536.

GEORGE W. LACKEY, and GEE & BARNES, for appellee:

Courts of equity will not deny specific performance of part of a contract because the contract, as a whole, is not capable of performance. *Work* v. *Welsh,* 160 Ill. 408; *Moore* v. *Gariglietti,* 228 id. 143.

Equity follows the law in holding that the want of a written agreement concerning sales of interest in land is a special matter only, to be set up by the party not having signed such written agreement. The fact that Carney signed the agreement to sell at a price fixed by him, and which was accepted by the appellee verbally, satisfies all the requirements of the Statute of Frauds. *Ullsperger* v. *Meyer,* 217 Ill. 262.

Want of mutuality, arising from the failure of both parties to sign, cannot be successfully pleaded as a defense by the party who did sign, as the act of filing a bill for specific performance binds the plaintiff and renders the contract mutual. 29 Am. & Eng. Ency. of Law, (2d ed.) 858; Pomeroy on Specific Perf. sec. 75; *Forthman* v. *Deters,* 206 Ill. 159.

A vendor having signed the writing cannot defeat performance based upon the fact that the vendee did not sign. The acceptance of an offer in writing can be shown by parol. *Esmay* v. *Gorton,* 18 Ill. 483; *Farwell* v. *Lowther,* 18 id. 252; *Lasher* v. *Gardner,* 124 id. 441.

When the option was accepted the appellant placed his refusal to perform upon the ground that the acceptance had not come in time. By this act he has estopped himself to plead another defense. *Gibson* v. *Brown,* 214 Ill. 330.

The maxim that no man shall serve two masters does not prevent the same person from acting as agent, for certain purposes, of two or more persons to the same transaction, when their interests do not conflict and where loyalty to the one is not a breach of duty to the other. *Nolte* v. *Hurlbert,* 37 Ohio St. 445; 1 Am. & Eng. Ency. of Law, (2d ed.) 1074.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Several matters are here urged as defenses to the bill. It will be necessary to discuss but one. The contract which it is claimed existed between Carney and Fletcher, and which Parriott swears that he, representing both parties, made with himself, is not evidenced by any writing. Where an agent sells real estate for another, in order to bind the principal it is not only necessary that the authority of the agent should be in writing, but also that the contract made by the agent, or some memorandum thereof, should be in writing and signed by the agent. *Lasher* v. *Gardner,* 124 Ill. 441.

Appellee contends that "an inspection of the written option signed by Carney shows that it was an offer to sell the one-fourth interest for $2000, to be accepted by the end of the 27th of January, 1908," and relies upon *Ullsperger* v. *Meyer,* 217 Ill. 262, and other cases of that character in which specific performance has been decreed in favor of a vendee against a vendor where the latter had signed the contract or memorandum and the former had not. In each of those cases the identity of both vendor and vendee could be ascertained from the writing. Here no vendee is named or otherwise pointed out by the writing. It is true, the instrument states that Carney will upon demand, within the time limited, make a good and sufficient transfer of the interest to which the contract pertains; but to whom? Manifestly, to the person to whom Parriott should make a sale. The fact that Parriott had made a sale, the Statute of Frauds being interposed, could be evidenced, as against Carney, only by a writing signed by Parriott, acting as agent for Carney.

It is also urged by appellee that appellant should not now be permitted to insist upon the Statute of Frauds, for the reason that in his conversation with Parriott on January 27, 1908, he based his refusal to make a conveyance on other grounds and did not at that time suggest a defense

founded upon this statute. Parriott did not then disclose to him the fact that the sale which he pretended to have made was not evidenced by any writing. Carney's failure to suggest the defense now under consideration when the existence of that defense was known only to Parriott does not bar the right to assert it.

The decree of the circuit court will be reversed and the cause will be remanded, with directions to dismiss the bill for want of equity.

*Reversed and remanded, with directions.*