South Side Bank & Trust Company, Appellee, v. Sherlock Homes, Inc., Defendant, and John C. Bacon, Appellant.

**Gen. No. 46,519.**

First District, Third Division.

May 11, 1955.

Released for publication June 8, 1955.

138

Thompson, Chambers & Thompson, of Chicago, for appellant; Lavern W. Thompson, of Chicago, of counsel.

Jules R. Green, of Chicago, for appellee; Harold J. Green, of Chicago, of counsel.

· MR. JUSTICE LEWE delivered the opinion of the court.

John C. Bacon appeals from a decree entered in a real estate foreclosure proceeding. The essential facts are uncontroverted. June 17, 1953, Sherlock Homes, Inc., being indebted to plaintiff, simultaneously executed a note in the sum of $8,450 and a mortgage to secure payment of the note. The mortgage conveyed to plaintiff the premises described as follows:

The South Half of Lot Eight and the North Three-quarters of Lot Nine in Block One, in Davis & Todd's Subdivision, Commonly known as 5318 South Kolin Avenue, in the City of Chicago.

Shortly after the mortgage and note were executed, Sherlock Homes, Inc. constructed a 4½-room brick

dwelling house upon the premises. At the time Sherlock Homes, Inc. executed the mortgage conveying the premises to plaintiff it had only an undivided one-half interest in the South Half of Lot Eight. A partition suit was instituted by Sherlock Homes, Inc. for the purpose of acquiring the remaining outstanding undivided one-half interest in that lot. October 23, 1953, at the partition sale, Bacon purchased title to all of Lot Eight, which included a portion of the building located on the undivided one-half of the South Half of Lot Eight.

Sherlock Homes, Inc. having defaulted in the performance of the terms and conditions of its mortgage and note, the plaintiff brought foreclosure proceedings on February 2, 1954 against Sherlock Homes, Inc. and named Bacon as a defendant. Issues were joined by both defendants and, after a hearing, a decree of foreclosure was entered. The decree found, among other things, that "The mortgage sought to be foreclosed herein is a first and valid lien upon the mortgagor's [Sherlock Homes, Inc.'s] interest in the property and improvements, which interest was in existence at the time of the execution and delivery to the plaintiff of the mortgage which is being foreclosed herein," and that the premises directed to be sold are described as follows:

"An undivided one-half interest in the South Half of Lot Eight, and all of the north three-quarters of Lot Nine in Block One, in Davis & Todd's subdivision, together with all improvements thereon and the appurtenances belonging thereto."

It is undisputed that the mortgagor, Sherlock Homes, Inc., never owned more than an undivided one-half interest in the South Half of Lot Eight.

The principal question presented is whether the plaintiff has a first and valid lien upon the interest of

the mortgagor Sherlock Homes, Inc., in the premises and improvements as found in the decree.

■ In Oppenheimer v. Szulerecki, 297 Ill. 81, leased premises were destroyed by fire. The landlord had covenanted to make all necessary repairs. Upon the landlord's refusal to rebuild, the tenant restored the building. The court, holding that the tenant was entitled to a lien to the extent that the cost of restoration was reasonably incurred, said, at page 88:

"Illustrations of equitable liens so declared are cases where two or more persons own real estate in common and one of them has made permanent improvements on the property which have added to its value. Upon partition of the estate a court of equity will allot to the co-tenant making the improvement the portion improved without taking account of its value, but if such division cannot be made will create a lien upon the proceeds of the other shares for their proportionate amounts of the increased value caused by the improvement." (Cases cited.)

The governing principle is stated again in Noble v. Tipton, 219 Ill. 182, at page 188: ". . . where one of several tenants in common has made improvements upon the property, the court should, if possible, allot to him the portion improved without taking into account the value of the improvements. If in the partition such a division cannot be made, the court will then allow to the one making the improvements remuneration for the increased value of the premises caused thereby." To the same effect see Heppe v. Szczepanski, 209 Ill. 88.

■ Although the mortgage given by Sherlock Homes, Inc. purported to grant a greater estate than it actually owned, the conveyance was void only as to the excess. (Triger v. Carter Oil Co., 372 Ill. 182.) When Bacon bought Lot Eight at the judicial sale held

pursuant to the decree in the partition suit, he had constructive notice of the mortgage here involved, since it was of record. (Dorris v. Johnson, 363 Ill. 236; Gregory v. Suburban Realty Co., 292 Ill. 568.) The court sold only that portion of the undivided interest owned by Sherlock Homes, Inc. in the premises. (Berman v. Birney, 412 Ill. 240.) Under the authorities last cited the plaintiff has a first lien upon the interest of Sherlock Homes, Inc. as found in the decree.

Bacon contends that the mortgage created no lien on the rents, issues and profits as against the co-owner at the time the mortgage was executed, and that no conveyance by lease or other instrument could in any way change the relationship between the original and co-owners. These propositions are conceded by plaintiff. Moreover, an examination of the decree discloses that it contains no specific finding as to the rents, issues and profits having been pledged by the mortgage.

In the event plaintiff obtains a deed based on a certificate of sale, Bacon and plaintiff, jointly, will have an undivided one-half interest in the South Half of Lot Eight, with plaintiff being the owner of the improvement. Should this occur, the rights of Bacon and plaintiff could be determined later in a partition suit.

Certain language in the decree which reads: "The defendants and all persons claiming under them shall surrender possession of those premises to the plaintiff," is superfluous and has no legal significance. The question whether plaintiff is entitled to the exclusive possession of the undivided one-half of Lot Eight cannot arise until a deed, based on the master's certificate of sale, is issued. When the deed is issued by the master it will convey only the interest Sherlock Homes, Inc. had in the premises at the time the mortgage was executed. Presently plaintiff and Bacon are not cotenants. Nor does the foreclosure decree create this relationship. Further, the record does not show

142

that Bacon raised the question of his right to possession of the premises when the decree was entered. Nor does Bacon say that plaintiff has sought to oust him from possession.

Bacon insists that the tenant in possession is a necessary party. This objection does not appear to have been made in the trial court. After a condition broken as between mortgagee and mortgagor, the mortgagee has a right to possession. (Rohrer v. Deatherage, 336 Ill. 450.) Here it is undisputed that the mortgagor, Sherlock Homes, Inc., was in default; and that the plaintiff took possession of the building. The general rule is that tenants in possession are necessary to an action to foreclose a trust deed but when, as here, the question has not been raised in the trial court, the rule seems to be that this court will not reverse unless the situation disclosed by the record shows an absolute necessity for the reason that no effective decree can be made. (Chicago Title & Trust Co. v. Herlin, 299 Ill. App. 429.) In this case the tenant, who has attorned to the plaintiff mortgagee, claims his right to possession through it; hence, as between the mortgagee and the tenant, there is no reason to adjudicate the tenant's rights to make the decree effective.

Since the plaintiff acquired only those rights in the property and the improvements thereon which the mortgagor had, Bacon is not prejudiced. In the view which we take of the case it is unnecessary to consider the other points raised.

For the reasons given, the decree is affirmed.

Decree affirmed.

KILEY, P. J. and FEINBERG, J., concur.