(No. 37446.—

CHRIST L. DINEFF *et al.,* Appellants, *vs.* ELSIE WERNECKE *et al.,* Appellees.

*Opinion filed March 25, 1963.*

PHILLIP S. AIMEN and CHARLES J. GRABLOWSKI, of Chicago, for appellants.

HARRY G. FINS and EDWARD R. SCRIBANO, both of Chicago, for appellee Chicago Title and Trust Co.

EDWARD L. S. ARKEMA, of Chicago, for appellees ELSIE and LOUIS R. WERNECKE.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Plaintiffs filed suit in the superior court of Cook County. Count I of the complaint sought specific performance of an alleged contract with Elsie Wernecke in her own behalf and as agent for Louis R. Wernecke, her brother, as sellers. By amendment to count I, the Chicago Title and Trust Company was made a defendant as trustee under a land trust of the subject property. George W. Johnson was also a defendant as escrow agent of defendants Wernecke. In count II of the complaint plaintiffs seek damages from the Werneckes for their failure to convey and against Johnson for his interference with the contract.

Defendants Wernecke and Johnson in their answers deny there was a contract or a contract in writing and claim the action is unenforceable under the Statute of Frauds. They further allege that Werneckes have no title in the subject property and that a decree for specific performance would be useless or impossible. The Chicago Title and Trust Company in its answers admits it holds legal title as trustee but claims full legal and equitable title and denies all the material allegations of count I and the amendment and further denies plaintiffs are entitled to the relief prayed.

The cause was referred to a master in chancery, who heard the evidence and, at the close of plaintiffs' case and upon defendants' motion to dismiss, returned his report recommending that count I be dismissed for want of equity

and that count II be dismissed with prejudice. The master found that plaintiffs' evidence of the contract between plaintiffs and defendant Elsie Wernecke was insufficient as a memorandum under the Statute of Frauds; that plaintiffs' evidence failed to show that Louis R. Wernecke and Ethel L. Wernecke, his wife, ever signed any writing or contract, or authorized any person in writing to execute a contract for them, so that as to them the contract was unenforceable under the Statute of Frauds; that Johnson was not guilty of any interference with the contract; that even if plaintiffs had a formal written contract, specific performance would be impossible because title had been conveyed to Chicago Title and Trust Company prior to filing of the action for specific performance and title was in a *bona fide* purchaser without notice of plaintiffs' prior contract.

The court found that plaintiffs' have an action at law for damages against Elsie Wernecke for her failure to convey her interest, but that plaintiffs failed to sustain their right to specific performance against her. Count I was dismissed and count II was transferred to the law docket. As to Louis R. Wernecke the court found he had made no contract and had not authorized in writing anyone to sell his interest, so that the contract is unenforceable under the Statute of Frauds. He was dismissed from both counts. George Johnson was dismissed from both counts, the court finding that the allegations of the complaint were insufficient to charge him with any liability. Chicago Title and Trust Company was dismissed as a party defendant from count I, the court finding that no cause of action had been stated for equitable relief against it as trustee. Plaintiffs were directed to pay the master in chancery for his fees the sum of $1,150 and that execution therefor issue. The court further found there was no just reason for delaying enforcement or appeal as to count I.

This appeal is not concerned with the part of the decree affecting count II but is only from that part of the decree

denying specific performance under count I, and assessing master's fees against plaintiffs.

The right to a freehold is directly involved so that this court has jurisdiction on a direct appeal.

The facts shown in the record are that on July 29, 1958, Christ L. Dineff wrote a letter to Elsie Wernecke in Pasadena, California, offering to purchase the property involved for $30,000. Upon receipt of that letter Elsie showed it to her brother, Louis R. Werneke, and after discussing it with him and in his presence wrote a letter to Dineff dated August 5, 1958, accepting his offer. In this latter letter Elsie Wernecke told Dineff, "we will accept the $30,000.00 offer. I expect this will be a cash deal. My brother has written George Walter Johnson, Attorney, 105 West Adams Street, Chicago, Illinois, regarding the deal and you can get in touch with him at his office as he will handle the deal." Dineff testified that on receipt of this letter he attempted to talk with Johnson but was unable to reach him until around December 12, 1958, when he informed Johnson of his letter from Elsie Wernecke. Johnson told him it would take time to clear title and to send him a letter enclosing $5,000 as earnest money. On December 13, Dineff sent Johnson a letter with an accompanying cashier's check from Anthony Jalovec for $5,000 endorsed payable to Elsie Wernecke. Nothing further was heard until about February 27 or 28, 1959 when Johnson telephoned Dineff that he had another offer of $31,000 and asked if he would raise his offer. Dineff agreed to raise his offer to $32,500 and Johnson told him to write a letter to Johnson raising his price. They made arrangements to meet at the Chicago Title and Trust Company for sometime between March 10 and March 15, 1959, to open an escrow.

On February 28, 1959, Dineff wrote Johnson changing his price to $32,500. Johnson received this on March 2. On March 10, 1959, Johnson wrote the Werneckes enclos-

ing a copy of the February 28 letter of Dineff and enclosing two deeds. In the letter to the Werneckes, Johnson stated there were two red hot deals for the property; that both were the same except as to price; that Dineff would pay $32,500 compared to James Thompson's offer of $31,000; that Dineff and his partner (Jalovec) want the Chicago Title and Trust Company to take title in trust for them, whereas Thompson wants title in his and his wife's names. He said, "I presume you will prefer and accept the Dineff offer. The deeds (Warranty and Quit Claim) to the Chicago Title and Trust Company should be signed and * * * returned to me * * * we shall open with the Chicago Title and Trust Company a deed and purchase money escrow." Dineff went to the title company to meet Johnson and open the escrow but Johnson did not go there. Thereupon Dineff called Elsie Wernecke and told her about this. He said she was displeased and would instruct Johnson to go ahead with the deal.

The letter of Johnson of March 10 to the Werneckes was received by them and they signed and acknowledged the deeds under date of March 16, 1959, and returned them to Johnson. Johnson testified that by the time his letter got to California, the Werneckes had received a higher offer from Thompson who had gone out there, and that he (Johnson) did not learn of the $33,500 offer from Thompson and Elmer Miessler until after Thompson had gone to California, seen the Werneckes and the Werneckes told him about it by telephone on March 14 or 15, 1959.

Thompson and Miessler opened a land trust at the title company on March 12, 1959, with the number assigned to the land trust being the same as was recited in the deeds which Johnson mailed two days earlier.

On March 20, 1959, an escrow was opened by Johnson for Werneckes as sellers and Edward R. Scribano for Thompson and Miessler as buyers with deposit by Johnson of the two executed deeds and by Scribano of $5,000.

The escrow provided for immediate recording of the deeds with a reconveyance to be made in the event the title company is not prepared to issue its title policy within 90 days.

On March 30, 1959, Johnson called and told Dineff the property had been sold to someone else. Dineff protested and reminded Johnson he had his money since December, 1958. Dineff withdrew checks and cash and flew to California where he offered it to Elsie Wernecke. She refused to accept the money and said she thought Johnson had closed the deal and that Dineff was getting it.

On March 31, 1959, Dineff filed an affidavit in the office of the recorder of deeds of Cook County claiming plaintiffs' right to specific performance of the contract with the Werneckes.

The evidence showed that the sale to Thompson and Miessler was not consummated in the escrow until May 21, 1959. Plaintiffs' suit for specific performance was filed April 14, 1959.

Elsie Wernecke was not permitted to testify as to her conversation with her brother as to her authority to act as his agent. Louis Wernecke was not permitted to testify as to any conversations with his sister as to her authority to act for him, but he testified he could not remember writing Johnson as to authority. Johnson could not recall receiving any such letter.

The record is clear that Louis R. Wernecke did not sign any contract or letter of acceptance of an offer from Dineff. Nor is there in evidence any writing signed by any agent in behalf of Louis R. Wernecke. Further, there is no evidence that Louis R. Wernecke in writing authorized Elsie Wernecke or anyone else to act as his agent in selling or signing any contract. Section 2 of the Illinois Statute of Frauds (Ill. Rev. Stat. 1961, chap. 59, par. 2) provides: "No action shall be brought to charge any person upon any contract for the sale of lands, tenements, or hereditaments or any interest in or concerning them, for a longer

term than one year, unless such contract or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized in writing, signed by such a party." As we stated in *Fletcher* v. *Underwood*, 240 Ill. 554: "Where an agent sells real estate for another, in order to bind the principal it is not only necessary that the authority of the agent should be in writing, but also that the contract made by the agent, or some memorandum thereof, should be in writing and signed by the agent."

Thus, it is clear that Louis R. Wernecke is in no way bound as to the plaintiffs.

The fact that Louis R. Wernecke did not sign any contract with the plaintiffs makes the contract unenforceable against Elsie Wernecke since the negotiations for the purchase of the property were intended to be with Elsie Wernecke and Louis R. Wernecke jointly. Plaintiffs intended to purchase the interests of both parties, not separate interests. The instant case is like that in *Madia* v. *Collins*, 408 Ill. 358, wherein we said at page 362: "It is obvious that plaintiff knew with whom he was dealing; that he was not misled as to the ownership; and that his offer of purchase was made to both owners for the entire title. Without the signature of both owners, no contract was formed, and there could be no breach upon which plaintiff could base an action for specific performance. * * * One cannot have specific performance in such case where the contract contemplates the sale of all the interests in the property contracted for, or none. *Spadoni* v. *Frigo*, 307 Ill. 32."

The complaint nowhere alleges a separate price for the interests of each and there is no prayer for partial performance against Elsie Wernecke. At all times plaintiffs treated the Werneckes as a unit.

In view of the above determinative matters there is no need to pass upon the numerous other points raised

483

by the briefs of the parties. The trial court committed no error but properly dismissed count I of the complaint for want of equity. It therefore rightfully assessed fees of the master on plaintiffs and directed execution to issue. In our view of the case, the trial court was correct.

*Decree affirmed.*