377 So.2d 50 (1979)
Paul SCHROTH and Josephine Schroth, Husband and Wife, Appellants,
v.
The CAPE CORAL BANK, a Florida Banking Corporation, Landahl, Brown & Weed Associates, Inc., a Virginia Corporation, Gilvesy Construction, Inc., and Longardner & Associates, Inc., a Florida Corporation, Appellees.
No. 79-190.
District Court of Appeal of Florida, Second District.
November 28, 1979.
Frank J. Aloia of Aloia, Dudley & Roosa, Cape Coral, for appellants.
SCHEB, Acting Chief Judge.
Appellants, Paul Schroth and Josephine Schroth, were defendants in a suit brought by The Cape Coral Bank to foreclose a mortgage on property owned by them. They made no appearance in the suit, and a final judgment was entered in favor of the Bank in which the trial court retained jurisdiction *51 to enter additional orders as necessary. The foreclosure sale resulted in proceeds exceeding the Bank's entitlement.
Subsequently, the Schroths filed a motion seeking to establish a priority interest in the surplus proceeds on the basis that they held a security interest in the property superior to the interests of all claimants other than the Bank. The trial court entered an order finding that while the Schroths did have priority over another defendant who had filed an answer in the foreclosure suit that, nevertheless, they had waived their priority by failing to answer. We think the court erred in this ruling.
No party in the foreclosure suit sought any determination of its rights in the surplus proceeds. One party, Gilvesy Construction, Inc., however, did pray that any excess proceeds be paid into the registry of the court for distribution to those whose claims might be established as inferior to those of the Bank. The trial court, therefore, should have determined the interests of the Schroths and the other defendants in the foreclosure suit at an evidentiary hearing.
Accordingly, we reverse and remand with directions to the trial court to conduct an evidentiary hearing to determine the rights to the excess proceeds of all claimants who were defendants in the foreclosure suit, irrespective of whether they filed responsive pleadings. This hearing should follow appropriate notice to the defendants in the foreclosure suit.
OTT and RYDER, JJ., concur.