THE CADLE COMPANY II, INC., Plaintiff-Appellant, v. PHYLLIS L. STAUFFENBERG, Defendant-Appellee (GLENN L. STAUFFENBERG, a/k/a Glen Stauffenberg, *et al.*, Defendants).

Third District    No. 3—91—0112

Opinion filed November 8, 1991.

Larry D. Serene, of Kankakee, for appellant.

Sacks & Albrecht, of Kankakee (Leonard F. Sacks, of counsel), for appellee.

JUSTICE SLATER delivered the opinion of the court:

Plaintiff appeals from the trial court's dismissal of its complaint for foreclosure. The issue on appeal is whether a mortgage purporting to convey real estate held in joint tenancy, signed by only one of the two joint tenants, is effective to convey the interest of that joint tenant. We find that it is. The only parties before this court are the plaintiff, Cadle Company II, Inc., and defendant, Phyllis L. Stauffenberg.

The record shows that on May 28, 1982, the defendant's husband, Glenn Stauffenberg, executed a junior mortgage agreement which purported to mortgage a parcel of real estate in its entirety to American State Bank (Bank) as security for a loan. The mortgaged real estate, owned in joint tenancy by Mr. and Mrs. Stauffenberg, served as their residence. On the mortgage agreement, both the defendant's and Mr. Stauffenberg's names were typed in as mortgagors, and signature lines for both appeared at the end of the document. However, the mortgage was signed only by Mr. Stauffenberg. The Bank loaned a sum of money to Mr. Stauffenberg evidenced by a promissory note with the mortgage as security. Mr. Stauffenberg defaulted on the loan, and it appears that he has since taken bankruptcy. The Bank called the note and took judgment on it in November 1982. Sometime

after the mortgage was executed, Mr. Stauffenberg and the defendant were divorced, at which time Mr. Stauffenberg quitclaimed his interest in the mortgaged real estate to the defendant. The defendant is now the sole owner of the real estate.

The Bank was declared insolvent in 1983. The Federal Deposit Insurance Corporation conveyed the judgment on the Stauffenberg note and the mortgage in question to the plaintiff in 1988. In March 1990, plaintiff filed a complaint to foreclose on the mortgage. Defendant filed a motion to dismiss the complaint, arguing that the mortgage was void because it had not been signed by both joint tenants. At the hearing on the motion to dismiss, plaintiff argued it was attempting to foreclose only on the undivided one-half interest which Mr. Stauffenberg owned at the time he executed the mortgage. The trial court granted the motion to dismiss, and the plaintiff then filed motions for reconsideration and for leave to amend the complaint by interlineation. The latter motion was granted, and plaintiff amended the complaint to make it clear that the foreclosure related only to an undivided one-half interest in the real estate. The motion for reconsideration was denied, and the plaintiff filed this appeal.

■ It is well settled that a cotenant may mortgage his interest in jointly held property. (*Harms v. Sprague* (1984), 105 Ill. 2d 215, 473 N.E.2d 930.) Where a cotenant who owns less than the entire interest attempts to mortgage the whole, the mortgage is valid as to the actual interest of the mortgagor. *South Side Bank & Trust Co. v. Sherlock Homes, Inc.* (1955), 6 Ill. App. 2d 138, 126 N.E.2d 742.

In *South Side Bank & Trust Co.*, Sherlock Homes, Inc., executed a mortgage conveying a parcel of real estate to South Side Bank & Trust Company as security for a loan. At the time the mortgage was executed, Sherlock Homes, Inc., had only an undivided one-half interest in a portion of the mortgaged property. Sherlock Homes, Inc., defaulted on the loan, and South Side Bank & Trust Company filed a foreclosure action. A decree of foreclosure was entered finding that the mortgage was a valid conveyance of the mortgagor's interest in the property and ordering the sale of an undivided one-half interest in the property. (*South Side Bank & Trust Co.*, 6 Ill. App. 2d at 140.) The court affirmed the foreclosure decree, holding that "[a]lthough the mortgage given by Sherlock Homes, Inc., purported to grant a greater estate than it actually owned, the conveyance was void only as to the excess." (*South Side Bank & Trust Co.*, 6 Ill. App. 2d at 141.) The court relied on *Triger v. Carter Oil Co.* (1939), 372 Ill. 182, 23 N.E.2d 55, where our supreme court held that when a land owner purports to grant, by deed or other instrument, a greater estate than

he actually owns, the conveyance is void only as to the excess but is operative to pass the estate which the grantor has. See also *Moore v. Gariglietti* (1907), 228 Ill. 143, 81 N.E. 825.

Similarly, here, the mortgage purporting to convey the entire interest in the property owned jointly by Mr. Stauffenberg and the defendant was signed only by Mr. Stauffenberg. We find the instrument to be a valid mortgage of Mr. Stauffenberg's undivided one-half interest in the jointly held property.

The defendant relies heavily on *Dineff v. Wernecke* (1963), 27 Ill. 2d 476, 190 N.E.2d 308. In *Dineff,* the plaintiff offered to buy a parcel of real estate owned jointly by Elsie Wernecke and her brother, Louis Wernecke. Ms. Wernecke sent a letter of acceptance to the plaintiff which was not signed by Mr. Wernecke. The property was then sold by the Werneckes to a third party. Plaintiff brought an action for specific performance on the contract. The court found that because Mr. Wernecke did not sign the letter of acceptance, the contract was unenforceable. The court stated:

> " 'It is obvious that plaintiff knew with whom he was dealing; that he was not misled as to the ownership; and that his offer of purchase was made to both owners for the entire title. Without the signature of both owners, no contract was formed, and there could be no breach upon which plaintiff could base an action for specific performance.' " *Dineff,* 27 Ill. 2d at 482, quoting *Madia v. Collins* (1951), 408 Ill. 358, 362, 97 N.E.2d 313.

Defendant contends here, as in *Dineff,* the Bank was negotiating with both of the joint tenants for a mortgage of the entire interest in the real estate. The defendant's basis for this contention is that both of the joint tenants are named as mortgagors in the instrument and signature lines were provided for both of them on the instrument. Therefore, the defendant argues, since the intention of the Bank was to obtain a mortgage of the premises from both joint tenants and only one joint tenant signed the mortgage, the instrument should be found to be unenforceable as was the contract in *Dineff.*

*Dineff* is clearly distinguishable from the instant case. In *Dineff,* the plaintiff was attempting to enforce an agreement to convey the entire interest in the jointly held property without the signatures of both cotenants. The court pointed out that there was no prayer for partial performance against the cotenant who had signed the agreement. (*Dineff,* 27 Ill. 2d at 482.) It is well established that one cotenant cannot convey the interest of another cotenant without proper authority.

Here, however, the plaintiff is not attempting to foreclose on the entire interest in the property. The foreclosure complaint is against only the undivided one-half interest of the joint tenant who signed the mortgage.

■ We disagree with the defendant's argument that the clear intention of the parties required the defendant's signature on the mortgage in order to be valid simply because defendant's name appeared in the body of the instrument and a signature line was provided. In *Heckmann v. Detlaff* (1918), 283 Ill. 505, 119 N.E. 639, the names of both Mr. and Mrs. Heckmann appeared in the body of a deed purporting to convey jointly held property. The deed, signed by the husband only, was held to be valid to convey the husband's interest in the property, subject to his wife's homestead exemption. The court stated:

"There is nothing in the record to show that this deed was not intended to be delivered unless both John M. Heckmann and his wife signed it, except the fact that the names of both husband and wife were in the body of the instrument and in the acknowledgment. The rule seems to be general that a deed naming two or more parties as grantors, executed by only a portion of them, is valid as to those executing it." *Heckmann*, 283 Ill. at 513.

It is clear that Mr. Stauffenberg intended to mortgage the real estate. There is nothing in the mortgage to indicate that it was not to be binding unless the defendant signed it also. We see no reason to deviate from the established rule that when a property owner attempts to convey a greater interest in the property than he actually has, the conveyance is valid to the extent of his interest and void only as to the excess.

For the reasons stated above, the order of the trial court dismissing the complaint is reversed. This cause is remanded for further proceedings.

Reversed and remanded.

GORMAN and McCUSKEY, JJ., concur.