737 So.2d 1248 (1999)
Patricia E. HAMILTON, etc., Appellant,
v.
George B. HUGHES, Sr., et al., Appellee.
No. 98-3506.
District Court of Appeal of Florida, Fifth District.
August 6, 1999.
*1249 Fred A. Morrison, Mclin, Burnsed, Morrison, Johnson, Newman & Roy, Leesburg, for Appellant.
Robert E. Kramer, Ormond Beach, for Appellee.
DAUKSCH, J.
Appellant Patricia Hamilton appeals the post-foreclosure distribution of excess sale proceeds to appellees George and Maureen Hughes (the Hughes). We vacate the order because the Hughes were not entitled to receive the excess funds disbursed in the appealed order.
The action below began with Chase Manhattan Mortgage Corp.'s (Chase) mortgage foreclosure complaint. Chase alleged that appellant Hamilton, along with her husband Dolphin Hamilton, had mortgaged their property to Chase during their marriage. According to Chase, the Hamiltons later divorced and the husband subsequently defaulted on the $26,000 mortgage balance. The Hughes answered, alleging that they held some interest in the action and requesting that "the proceeds of the sale be held in the registry of the Court until the priority of liens is determined and that ... [they] be allowed to prove the amount [owed], and that these sums be ordered paid." Their interest was based on a mortgage dated December 29, 1992, after the Hamilton's dissolution. Additionally, the Hughes' mortgage was signed only by Dolphin Hamilton and not by appellant. Appellant Hamilton did not file any pleadings in response. Rather, she informed the court by letter that she could not afford legal counsel and that she claimed a 50% interest in the encumbered home. The attached judgment of dissolution and settlement agreement were recorded before the Hughes' mortgage and indicated that the Hamiltons held the property as tenants in common.
The record indicates that Hamilton received copies of each significant filing in this case and that the parties proceeded through discovery to mediation, all without any appearance by Hamilton. At mediation, the Hughes agreed to pay Chase $31,000 for an assignment of the first mortgage and were later substituted as plaintiffs by court order. Appellant Hamilton did not appear at trial. Nor did she submit documentation to the court (beyond the letter) to support her arguments on appeal.
The court eventually entered a final judgment finding that the Hughes held "a lien for the total sum [of $53,639.22] superior to any claims" except for an $11,529.99 State of Florida judgment lien. The $53,639 represented the principal on the original Chase mortgage and the Hughes' third mortgage, along with interest and attorney's fees. With regard to the priority dispute between the State and the Hughes, the court ordered that "[i]n the event that the successful bid at the foreclosure sale [exceeds] $42,109.23,[1] the Clerk shall retain *1250 any excess funds pending a hearing to determine the superiority of the claims." The judgment did not address Hamilton's interest and, although the final judgment and subsequent notice of foreclosure sale were copied to Hamilton, she did not appeal the judgment and the foreclosure sale proceeded.
The property ultimately sold for $60,924.31. Immediately following the sale, Hughes and the State stipulated that the State would receive $5500 in complete satisfaction of its judgment lien. After paying various fees and costs, the court payed $5500 to the State, $48,400.76 to the Hughes, and retained $5600.24 to be "disbursed pursuant to further order of this Court." The Hughes then moved the court to disburse $5500 of this sum to them and the remaining $100.24 to Hamilton. Hamilton filed a response noting her one-half interest in the foreclosed property and requesting that the court pay the remaining registry funds to her and order the Hughes to disgorge $3337.98. The court awarded the Hughes $5500 and Hamilton the remaining $100.24. Hamilton appealed the order.
We conclude that Hamilton should have been awarded the entire $5600 in excess proceeds and vacate the appealed order. It is well established that "[o]ne tenant in common cannot properly sell or dispose of more than his or her own interest in the common property to a third person unless authorized to do so." 86 C.J.S. Tenancy in Common § 138; see also Cadle Co. II v. Stauffenberg, 221 Ill. App.3d 267, 163 Ill.Dec. 728, 581 N.E.2d 882, 884 (3d DCA 1991)("Where a cotenant who owns less than the entire interest attempts to mortgage the whole, the mortgage is valid [only] as to the actual interest"); Texas American Bank v. Morgan, 105 N.M. 416, 733 P.2d 864 (1987)("The jurisdictions which have decided this question... have uniformly agreed that one cotenant may not encumber the other cotenant's interest without consent"). In the case at bar, appellant Hamilton and mortgagor Dolphin Hamilton held the subject property as tenants in common following their divorce. Dolphin Hamilton then mortgaged his one-half interest to the Hughes. Accordingly, the Hughes' mortgage encumbered only Dolphin Hamilton's interest.
Although her complacency in the action below was perhaps not the best course, Hamilton is entitled to recover the $5500 awarded to the Hughes in the appealed order because she appeared and staked a claim to those excess funds. On similar facts, the Second District has held that a foreclosure defendant who failed to answer the initial foreclosure complaint and plead priority does not waive his or her right to excess proceeds. See Schroth v. Cape Coral Bank, 377 So.2d 50, 51 (Fla. 2d DCA 1979). In Schroth, the property owner/mortgagors failed to answer the bank/mortgagee's complaint and never made an appearance until after foreclosure. The foreclosure sale resulted in excess proceeds and the mortgagors filed a motion to establish their priority interest and requested payment out of the excess. The trial court found that the mortgagors had priority over certain other defendants, but ruled that they had waived their priority by failing to answer. In reversing, the Second District ruled that "the trial court [must] conduct an evidentiary hearing to determine the rights to the excess proceeds of all claimants who were defendants in the foreclosure suit, irrespective of whether they filed responsive pleadings." Id. at 51 (emphasis added). As in Schroth, Hamilton staked her claim to the $5600 in excess funds after initially failing to answer the foreclosure complaint or appeal the resulting judgment. Accordingly, we vacate the order and remand for entry of an order awarding Hamilton the $5500 erroneously disbursed to the Hughes.
On the other hand, we find no authority to support Hamilton's contention that the Hughes should disgorge amounts received in the earlier disbursement order. Hamilton only contested the order disbursing the $5500 excess to the Hughes and failed *1251 to challenge or appeal earlier disbursements. Hence, our review is limited to the appealed order and we may not disturb the trial court's earlier uncontested disbursements.
In closing, we note that the Hughes' reliance argument is without merit. The Hughes contend that they relied on Hamilton's silence in acquiring the Chase interest, and in stipulating that $5500 of the excess proceeds should go to the State to satisfy its judgment lien. However, the Hughes had at least constructive notice of Hamilton's unencumbered interest in the property. She never signed the Hughes' mortgage, and the judgment of dissolution, which ordered that the Hamiltons would thereafter hold the property as tenants in common, was recorded in the official records book shortly before the Hughes acquired their mortgage interest. Finally, the Hughes acknowledged Hamilton's interest in moving the court to distribute excess sale proceeds following foreclosure. Given these facts, we are unable to conclude that the Hughes could have reasonably relied on the possibility that Hamilton would not appear to defend her interest in the property. Such reliance would be clearly unreasonable given that property owners do not normally sit idly as their property interests are taken away. Although Hamilton certainly had a duty to appear and defend her interest, her letter was sufficient and the Hughes could not have reasonably relied on the expectation of an undeserved windfall.
ORDER VACATED; REMANDED FOR ENTRY OF ORDER IN COMPLIANCE HEREWITH.
PETERSON, J., and MIHOK, Associate J., concur.
NOTES
[1] This represents the Hughes' interest ($53,639.22) less the State's judgment lien ($11,529.99).