KLEIN, J.
We withdraw our previous opinion filed on May 31, 2006 and replace it with this opinion.
Appellant Global is in the business of contacting former property owners who may be entitled to funds in the registry of the court in mortgage foreclosure cases. Global regularly recommended appellant Rosenberg as a lawyer to clients to pursue these funds. In this case the trial court ruled that Rosenberg’s clients were not entitled to the funds, and assessed fees against Rosenberg and Global under section 57.105, Florida Statutes (2004). The court also fined Rosenberg $5,000 because Rosenberg acted in bad faith and “his professional behavior was egregious.” We reverse.
Appellee First NLC held a second mortgage on the property which was foreclosed in this case, and after defaults were entered against the owner and First NLC in the foreclosure action, the property was sold. The sale produced excess funds which were deposited in the registry of the court. Global then contacted the former property owners and advised them that it was possible that they could recover the excess. On the recommendation of Global, the owners hired Rosenberg to pursue their claim. The owners then filed a motion, which was served on First NLC and all other claimants, to have the funds distributed to them, and First NLC responded that it was entitled to the funds.
The legal position of the former owners was that they were entitled to the funds because First NLC had been defaulted in the original foreclosure proceeding, and that as a result of the default, First NLC no longer had a claim to the proceeds. The trial court ruled in favor of First NLC and then, on its own, issued an order to show cause against the former owners, Global, and Rosenberg, as to why fees under section 57.105, Florida Statutes should not be assessed. After receiving responses to the order to show cause, the court awarded fees to First NLC, explaining:
5. The established law clearly does not permit payment to [the former property owners], or to their enrichment, at the expense of First NLC. Yet, in this proceeding, attorney Rosenberg filed a motion (and sent correspondence directly to the court) in which his actions were directly contrary to existing law and wholly inconsistent with material facts. Even after he knew, or should have known, of the applicable facts, he continued to claim [the former property owners] were entitled to receive all of the surplus proceeds.
6. Florida law, however, is well established. [The former property owners] do not, as a matter of law or fact, have a superior claim to the excess proceeds.
In addition, the court ordered Rosenberg to pay a fine of $5,000 as a sanction for pursuing the claim.
At the time the former owners filed their motion to claim the excess proceeds, in April, 2004, the issue of whether a junior mortgagee who was defaulted in a foreclosure could later claim surplus funds had not yet been decided in this district. The trial court granted First NLC’s motion for distribution of surplus proceeds on May 21, 2004, and issued its order to show cause why section 57.105 fees should not be assessed on July 9, 2004. After that, on September 22, 2004, this court issued an *1218 opinion in Household Finance Services, Inc. v. Bank of America, N.A., 883 So.2d 346 (Fla. 4th DCA 2004), holding that the default against the junior mortgagee does not preclude that mortgagee from claiming excess proceeds. In reversing, we relied on Schroth v. Cape Coral Bank, 377 So.2d 50 (Fla. 2d DCA 1979), and Hamilton v. Hughes, 737 So.2d 1248 (Fla. 5th DCA 1999).
Because the issue had not yet been decided in this district when this claim was pursued, we do not agree with the trial court that Florida law was so well established as to warrant fees under section 57.105. It follows from that conclusion, of course, that the additional fine assessed against Rosenberg based on the same behavior must also be vacated. We find no merit in the remaining issues. Reversed.
SHAHOOD and TAYLOR, JJ., concur.