In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 22-3078

LOURDES GUERRERO, *et al.*,

*Plaintiffs-Appellants*,

*v.*

HOWARD BANK, a Maryland banking
corporation, now known as FIRST
NATIONAL BANK OF PENNSYLVANIA,

*Defendant-Appellee.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:20-cv-02980 — **Robert W. Gettleman**, *Judge.*

_____

ARGUED JUNE 2, 2023 — DECIDED JULY 19, 2023

_____

Before FLAUM, BRENNAN, and ST. EVE, *Circuit Judges.*

BRENNAN, *Circuit Judge.* Plaintiffs are three siblings who, through the scheme of another sibling, Yvonne Lesko, were deprived of their interests in real property left in a land trust by their deceased mother. After Yvonne became the sole trust beneficiary with sole power of direction, she directed a trustee's deed of the property to issue to her daughter Amorous

Lesko. Using that deed, Amorous conveyed a mortgage to de-
fendant Howard Bank to secure a loan.

An Illinois state court later determined that plaintiffs were
entitled to the property and issued a judge's deed in their fa-
vor. Plaintiffs then sought damages against Howard Bank in
federal court, claiming slander of title and unjust enrichment.
The district court dismissed their case.

Whether dismissal was correct turns on two questions.
First, did Howard Bank hold a valid mortgage? It did, so
Howard Bank did not publish a falsity by recording the mort-
gage, causing the slander claim to fail. Second, was Howard
Bank required to release the mortgage? It was not, so Howard
Bank did not continue to publish a falsity, nor did it unjustly
retain a benefit by not releasing the mortgage, dooming the
unjust enrichment claim. We affirm.

## I. Background

Like the district court, we take judicial notice of the state
court opinions and record underlying this case. We accept as
true the facts as pleaded in the operative second amended
complaint, but we are not bound by legal conclusions
couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662,
678 (2009); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 465 (7th Cir.
2010).

Yvonne Lesko and plaintiffs Lourdes Guerrero, Iris Rodri-
guez, and Manuel Guerrero are siblings and the children of
Mary O'Sucha. O'Sucha died in 2010, leaving real property
(the Kenmore property) in a land trust with the State Bank of
Illinois as trustee. The terms of the trust had provided that the
property would, on O'Sucha's death, be divided in equal
shares among the four children. But on August 13, 2009,

Yvonne[1] caused her mother to amend the trust agreement to make her the sole beneficiary upon O'Sucha's death and to grant her sole power of direction over the trust.

In 2011, plaintiffs sued Yvonne in Illinois state court for undue influence and interference with expectation, alleging that Yvonne fraudulently induced O'Sucha to amend the trust agreement and that plaintiffs were the rightful beneficial owners of 3/4 of the property. A bench trial occurred in 2015, and on January 29, 2016, the state trial court issued an amended trial decision and order in favor of plaintiffs, stating the court would enter a money judgment for plaintiffs after property appraisals were submitted and enjoining Yvonne from encumbering the property. The injunction was vacated on April 26, 2016, because the state trial court found that it could not issue equitable remedies on legal claims.

While an appeal was pending, Yvonne attempted to obtain a mortgage loan from Howard Bank, using the property as collateral. Howard Bank informed Yvonne that it would not extend a mortgage loan to her because of her poor credit and the state court decision against her. But the bank said it would approve a loan if Yvonne transferred ownership of the property to her daughter, Amorous Lesko. So on July 1, 2016, at Yvonne's direction, the trustee issued a trustee's deed of the property to Amorous. And on August 11, 2016, Amorous conveyed a mortgage on the property to Howard Bank to secure a loan of $130,000. Howard Bank recorded the mortgage on December 22, 2016.

On August 6, 2018, the Illinois appellate court affirmed the trial court's award of monetary damages but reversed its

---

[1] We refer to certain parties by their first names for ease of reference.

finding that it could not issue equitable remedies. The appellate court held that a constructive trust was a proper remedy in the case. In so holding, the appellate court refused to rule upon the impact of its order on rights "as between plaintiffs and any third parties who have subsequently come to possess or share an interest in the Kenmore property."

Upon remand, the state trial court entered a money judgment against Yvonne on May 21, 2019. It declared that "[a] constructive trust was created for ownership of the real property … on August 13, 2009 with Plaintiffs as 3/4 beneficiaries and Defendant as 1/4 beneficiary." The court also ordered Yvonne and Amorous to convey all their interests in the property, along with any profits from it, to plaintiffs. On March 27, 2020, the state trial court issued a judge's deed, conveying all interests of Amorous and Yvonne in the property to plaintiffs in equal 1/3 shares as tenants in common. Before and after this deed issued, plaintiffs demanded that Howard Bank release the mortgage, but it did not.

On May 19, 2020, plaintiffs sued Howard Bank in federal court and requested, among other relief, monetary damages for slander of title.[2] While the case was pending, on April 4, 2021, plaintiffs sold the property for $700,000 and paid the $143,321.40 balance of the Howard Bank mortgage. Howard Bank then unsuccessfully sought to dismiss the case for lack of jurisdiction, and the district court granted plaintiffs leave to amend. The district court dismissed plaintiffs' first amended complaint because, among other reasons, they failed to plead any misconduct tied to Howard Bank with particularity. Plaintiffs were permitted to file a second amended complaint in which they asserted slander of title and unjust

---

[2] The parties invoked diversity jurisdiction, and we apply Illinois law.

enrichment claims. The district court dismissed that pleading as well, and plaintiffs timely appeal that decision.

## II. Analysis

The slander of title and unjust enrichment claims hinge on two related questions:

1.  Did Howard Bank hold a valid mortgage?

2.  Was Howard Bank required to release the mortgage?

A chronology of key events helps answer these questions:

| | |
|---|---|
| August 13, 2009 | Yvonne causes O'Sucha to amend the land trust to make her sole beneficiary and to give her sole power of direction |
| January 29, 2016 | State trial court amends its trial decision:<br>• ruling against Yvonne and stating that a money judgment will be entered; and<br>• enjoining Yvonne from encumbering the property |
| April 26, 2016 | State trial court vacates its injunction order |
| July 1, 2016 | Yvonne exercises power to direct the trustee to issue a trustee's deed to Amorous<br>Trustee conveys deed to Amorous |
| August 11, 2016 | Amorous conveys mortgage to Howard Bank |
| December 22, 2016 | Howard Bank records mortgage |
| August 6, 2018 | State appellate court issues decision:<br>• affirming money damages against Yvonne;<br>• holding that a constructive trust was a proper remedy; and<br>• declining to rule upon third-party rights |

| May 21, 2019 | State trial court enters judgment:<br>• recognizing a constructive trust since August 13, 2009 with plaintiffs as 3/4 and Yvonne as 1/4 beneficiaries; and<br>• ordering Yvonne and Amorous to convey all interests in the property to plaintiffs |
|---|---|
| March 27, 2020 | State trial court issues judge's deed, conveying all interests of Amorous and Yvonne to plaintiffs in 1/3 shares as tenants in common |
| April 4, 2021 | Plaintiffs sell the property and pay the balance of the Howard Bank mortgage from the proceeds |

### A. Slander of Title

To state a claim for slander of title, a plaintiff must plausibly allege that "(1) the defendant made a false and malicious publication, (2) the publication disparaged the plaintiff's title to property, and (3) the publication caused damages to the plaintiff." *Bozek v. Bank of Am., N.A.*, 191 N.E.3d 709, 726 (Ill. App. Ct. 2021). The false publication that plaintiffs allege Howard Bank made is "[t]he mortgage lien on the Kenmore property … recorded with the Cook County Recorder on December 22, 2016, putting the whole world on Notice that the Kenmore property was and continued to be encumbered by Howard Bank and not free and clear of liens."

*False Publication*. The district court dismissed the slander of title claim, finding "that plaintiffs have not pleaded facts to suggest malice or other misconduct." By lack of "misconduct," we understand the district court to refer to the lack of a false publication. But the court did not explain why the publication here was not false—that is, why the mortgage on the whole property was valid.

The district court seemed to take as given that Howard Bank's mortgage was valid only with respect to what would have been Yvonne's 1/4 interest in the property before the trust amendment. It observed that, under Illinois law, a co-tenant may mortgage her interest in jointly held property, but when she attempts to mortgage the whole property, the mortgage is valid only as to the mortgagor's actual interest. *See generally Harms v. Sprague*, 473 N.E.2d 930, 934 (Ill. 1984); *Cadle Co. II, Inc. v. Stauffenberg*, 581 N.E.2d 882, 884 (Ill. App. Ct. 1991). Although true, there was no co-tenancy here until the March 2020 judge's deed transferred all interests of Yvonne and Amorous in the property to plaintiffs as tenants in common.

From O'Sucha's death up to the issuance of the judge's deed, legal title to the property was held by the land trust, Yvonne, or Amorous. Before a mortgage was conveyed to Howard Bank, Yvonne directed the trustee to issue a trustee's deed to Amorous. Using that deed, Amorous conveyed the mortgage to Howard Bank. One cannot grant a lien over property one does not have title to, so a mortgage conveyed based on a void deed is invalid. *See Logue v. Von Almen*, 40 N.E.2d 73, 81 (Ill. 1941); *City of Chicago v. Collin*, 134 N.E. 751, 753 (Ill. 1922). Accordingly, whether Howard Bank obtained a valid mortgage over the whole property depends on whether the trustee's deed was void. Even if the trustee's deed was voidable, as opposed to void, Amorous would still be able to convey a mortgage using it until the deed was set aside by a court of competent jurisdiction. *See City of Virginia v. Mitchell*, 991 N.E.2d 936, 940 (Ill. App. Ct. 2013) (citing *Logue*, 40 N.E.2d at 81–82).

To this point, plaintiffs assert that "the Land Trust could not convey Plaintiffs' property" by the trustee's deed because

such a deed "could only convey such property as was owned by the Trust." Plaintiffs imply that the trust did not hold the property and that the trustee's deed—and thus the Howard Bank mortgage—is void. Similarly, plaintiffs maintain that the Illinois trial court's amended trial decision and order found that they "were in fact the legal owners of three fourths of the Kenmore property." We disagree. In plaintiffs' own words, they had filed in the state trial court undue influence and interference with expectation claims against Yvonne, "asserting that they, the Plaintiffs, were in fact the rightful beneficial owners of three fourths of the Kenmore property, with Yvonne being the beneficial owner of only the remaining fourth." No decision of the state trial court impacted legal title until the March 2020 judge's deed issued.

Relevantly, the January 29, 2016 amended trial decision stated the court would enter a money judgment in favor of plaintiffs and enjoined Yvonne from encumbering the property in any way. The injunction was vacated on April 26, 2016, before Amorous received the trustee's deed and conveyed the mortgage. Contrary to plaintiffs' suggestion, before the conveyance of the trustee's deed on July 1, 2016, all property interests, both legal and equitable, were held in the land trust. So, the trustee's deed conveyed valid title to Amorous. It follows that Amorous conveyed a valid mortgage over the entire property and that Howard Bank did not record a false mortgage on December 22, 2016. As of that date, plaintiffs had no title that Howard Bank could disparage. All they had was a state trial court decision about a money judgment against Yvonne.

*Malice*. As mentioned earlier, the district court also found that plaintiffs had not pleaded facts to suggest Howard Bank maliciously recorded the mortgage. Malice requires

knowledge of or reckless disregard as to the falsity of the published statements. *Chi. Title & Tr. Co. v. Levine*, 789 N.E.2d 769, 772 (Ill. App. Ct. 2002); *Cont. Dev. Corp. v. Beck*, 627 N.E.2d 760, 764–65 (Ill. App. Ct. 1994). "[I]f the party who records the document has reasonable grounds to believe that he has title or a claim to the property, he has not acted with malice." *Whildin v. Kovacs*, 403 N.E.2d 694, 695 (Ill. App. Ct. 1980).

Plaintiffs make their case for malice by arguing that Howard Bank's refusal to extend a loan to Yvonne shows that the bank had actual knowledge of the state court judgment against her. But for reasons explained above, the amended trial decision against Yvonne did not invalidate Amorous's trustee's deed. The bank had reasonable grounds to believe that Amorous could convey a mortgage on the property. So, plaintiffs fail to plausibly allege a false and malicious recording of the mortgage.

*Continuing Publication*. Plaintiffs also plead that Howard Bank slandered plaintiffs' title "[b]y refusing to Release the mortgage." They claim "[t]he slander of title perpetrated by Defendant was a continuing tort, affecting Plaintiffs' title and increasing their damages every single day from the date Defendant learned of the fraudulent mortgage until April 4, 2021, when, upon Plaintiffs' sale of the property to a third party, the defendant finally released the mortgage." By "continuing tort," plaintiffs suggest that recording the mortgage was an ongoing publication that continued to harm them until Howard Bank released the mortgage. They provide no support for this "continuing publication" theory, and we could not locate any either. But, for the sake of completeness, we address it.

Recall that the first time plaintiffs received an equitable interest in the property was on May 21, 2019, when on remand

the state trial court recognized a constructive trust over the property since August 13, 2009 with plaintiffs as 3/4 and Yvonne as 1/4 beneficiaries. At the same time, the trial court also ordered Yvonne and Amorous to convey all interests in the property to plaintiffs. But it was not until March 27, 2020 that plaintiffs obtained legal title by the judge's deed. The question is: Did the retroactive constructive trust and/or the issuance of the judge's deed invalidate Howard Bank's mortgage? That is, was Howard Bank required to release the mortgage ("unpublish") at that point? This question merges with whether Howard Bank unjustly retained a benefit by refusing to release the mortgage, so we discuss the continuing publication theory along with the unjust enrichment claim next.

**B. Unjust Enrichment**

"To state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 679 (Ill. 1989) (citations omitted). Plaintiffs allege: "By unencumbering [sic] the property with a mortgage and refusing to release that mortgage once it learned of the circumstances, Howard deprived Plaintiffs of the free and unencumbered use of their property up until April 4, 2021 (when Plaintiffs sold the property[,] paid off Amorous Lesko's fraudulently obtained mortgage, and received a release from the mortgage lien)." So, the alleged benefit retained is the mortgage, but more specifically, plaintiffs' unjust enrichment theory depends on Howard Bank's "refusing to release that mortgage once it learned of the circumstances." If Howard Bank had a

duty to release the mortgage and did not, it would have unjustly retained a benefit.

The pleadings do not explain what plaintiffs mean by "circumstances" triggering Howard Bank's duty to release the mortgage. But we can identify three key events that might trigger a duty to release the mortgage: the amended trial decision against Yvonne on January 29, 2016, the retroactive constructive trust recognized on May 21, 2019, and the issuance of the judge's deed on March 27, 2020.

The amended trial decision did not invalidate the trustee's deed or Howard Bank's mortgage. So, the bank had no duty to release the mortgage at that point. And while the constructive trust imposed duties upon Yvonne and Amorous to "transfer title and possession of the wrongfully acquired property" to plaintiffs, *Suttles v. Vogel*, 533 N.E.2d 901, 904 (Ill. 1988), it did not impose a duty on Howard Bank to release the mortgage. Any remedy for violation of constructive trust duties would be against Yvonne or Amorous—not Howard Bank. Even more, the state appellate court that directed the recognition of a constructive trust explicitly refused to rule upon the impact of its order on rights "as between plaintiffs and any third parties who have subsequently come to possess or share an interest in the Kenmore property," which includes Howard Bank.

So, all that is left is the March 2020 judge's deed that transferred all interests of Amorous and Yvonne to plaintiffs. What happened to Howard Bank's mortgage when the judge's deed issued? When a grantee has "actual or constructive notice of a prior lien, it will ordinarily take subject to that lien." *Skidmore, Owings & Merrill v. Pathway Fin.*, 527 N.E.2d 1033, 1034 (Ill. App. Ct. 1988). Plaintiffs had record and actual notice of the Howard Bank mortgage here, so they took title to the

property subject to the mortgage. The mortgage was a valid, continuing security interest on the property, so Howard Bank had no duty to release ("unpublish") the mortgage. This forecloses the continuing publication theory for slander of title. It also follows that Howard Bank did not unjustly retain the mortgage, dooming the unjust enrichment claim.

Apparently under the incorrect belief that the Howard Bank mortgage was invalid as to plaintiffs' 3/4 of the property, the district court found that plaintiffs voluntarily assumed the mortgage when they received title to the property. Assumption meant that plaintiffs were obligated to pay off the mortgage, so the court found that plaintiffs suffered no detriment by paying off the Howard Bank mortgage from the property sale proceeds.

But recall that, as a legal matter, Amorous had legal title over the whole property before the judge's deed issued. The March 2020 judge's deed was the first time plaintiffs obtained legal title as tenants in common. Because plaintiffs' newly acquired title was subject to Howard Bank's valid mortgage on the whole property, the bank did not unjustly retain the mortgage, and the district court did not have to find an assumption of the mortgage.

In any case, the pleadings do not support that plaintiffs assumed the mortgage when they received title. Under Illinois law, an assumption of a mortgage generally requires an agreement or, in the case of a purchaser assuming a debt, the amount of the assumption must be set off in the purchase price such that the purchaser's assumption is implied. *Albers v. Moe*, 28 N.E.2d 178, 181 (Ill. App. Ct. 1940); *Wilson v. Mundy*, 238 Ill. App. 575, 586–87 (Ill. App. Ct. 1925). Even an express assumption clause in a deed may not be enough. *See Ludlum v. Pinckard*, 136 N.E. 725, 726 (Ill. 1922). Here, the judge's deed

makes no mention of an assumption. There is no other agreement in the record, express or implied, that suggests plaintiffs voluntarily assumed the mortgage.

AFFIRMED.