880 So.2d 823 (2004)
Garland HOGAN, Appellant,
v.
Donald GARCEAU and Charlotte E. Garceau, Appellees.
No. 5D04-436.
District Court of Appeal of Florida, Fifth District.
August 13, 2004.
Garland Hogan, Coleman, pro se.
Kimberly A. Schulte, Leesburg, for Appellees.
PLEUS, J.
This is an appeal of a final judgment of default. We conclude that the lower court erred in entering a final judgment of default against Hogan because the complaint failed to make any allegations against him, much less allege a cause of action. Accordingly, we vacate the final judgment of default and remand for further proceedings.
Hogan was served with a copy of the complaint on October 1, 2003. The caption of the complaint listed nine defendants, including Hogan. Hogan's name is never again mentioned in the complaint. He is not mentioned in the introductory paragraph, general allegations or any of the five counts. Hogan admits that he was validly served and that he failed to file an answer within the required time limit.
*824 The appellees filed a request to enter a default and the clerk of court entered a default on October 29, 2003. They then filed a motion for final default judgment against Hogan in the amount of $111,422.50 plus attorney's fees and costs. On December 3, Hogan filed his opposition to the motion for default judgment and motion to dismiss the complaint. Both of these pleadings were grounded on the fact that the appellees failed to make any allegations in the complaint against Hogan.
The lower court entered a final default judgment against Hogan on December 29, 2003. In the default judgment, the court indicated that it had conducted a hearing on the motion for default judgment on December 16, and was aware of Hogan's motions to dismiss and opposition to the motion for default judgment. Nevertheless, the court entered judgment against Hogan in the amount of $111,422.50.
Hogan correctly argues that the lower court erred in entering a final default judgment against him where the complaint failed to allege any allegations against him, much less allege a cause of action. In Becerra v. Equity Imports, Inc., 551 So.2d 486 (Fla. 3d DCA 1989), the court held that the failure to state a cause of action is a fatal pleading deficiency not curable by a default judgment. See also Bd. of Regents v. Stinson-Head, Inc., 504 So.2d 1374 (Fla. 4th DCA 1987) (holding that party obtaining a default judgment is only entitled to the relief prayed for in complaint). Both of these cases contain quotes from Trawick's Florida Practice and Procedure § 25-4, which states:
A default admits liability as claimed in the pleading by the party seeking affirmative relief against the party in default. It operates as an admission of the well pleaded allegations of the pleading, except those concerning damages. It does not admit facts not pleaded, not properly pleaded or conclusions of law. Fair inferences will be made from the pleadings but forced inferences will not. The party seeking affirmative relief may not be granted relief that is not supported by the pleadings or by substantive law applicable to the pleadings. A party in default may rely on the limitations.
(Footnotes omitted).
The appellees argue only that the lower court properly entered the default judgment because Hogan failed to file an answer within 20 days and failed to file a motion to set aside the default, citing Colby Materials, Inc. v. Caldwell Constr., Inc., 868 So.2d 584 (Fla. 5th DCA 2004). In Colby, this Court held that the burden is on the appellant to show that the trial court erred in granting a default judgment. This Court found that Colby failed to meet that burden because it failed to file any affidavits or a transcript of the hearing on the motion for default. While Colby is certainly a correct statement of the law, it does not supersede the requirement that a default judgment must be based on well pleaded facts establishing liability against a defendant in default. Therefore, the default judgment was entered in error.
FINAL JUDGMENT VACATED; REMANDED.
THOMPSON and MONACO, JJ., concur.