883 So.2d 346 (2004)
HOUSEHOLD FINANCE SERVICES, INC., et al., Appellant,
v.
BANK OF AMERICA, N.A., Appellee.
No. 4D03-3439.
District Court of Appeal of Florida, Fourth District.
September 22, 2004.
*347 William S. Graessle of William S. Graessle & Assoc., P.A., Jacksonville, for appellant.
Victor H. Veschio of Nixon Firm, LLC, Tampa, for appellee.
WARNER, J.
At issue in this appeal is whether a junior mortgagee, joined as a defendant in a foreclosure action and against whom a default has been entered, may later claim entitlement to the surplus funds remaining after a foreclosure sale. Specifically, we consider whether that junior mortgagee has priority to the surplus over an assignee of the mortgagor. We hold that a junior mortgagee has priority and affirm.
Federal Home Loan Mortgage instituted a mortgage foreclosure action against mortgagor Marcus Kostolich and others, including Bank of America. Federal alleged that the Bank had a mortgage interest in the subject property inferior to its lien. After receiving service of process, the Bank defaulted by failing to file an answer. Federal proceeded to judgment of foreclosure, and the property was sold in a foreclosure sale. Federal was paid the amount of its judgment, and the remaining proceeds were ordered to be retained by the clerk pending further order of the court.
Kostolich filed an objection to the sale but later withdrew it after executing an assignment of his interest in the surplus funds to appellant, Household Finance Services. Household then filed a motion to disburse the surplus funds to it. Before that motion was heard, Bank of America filed a notice of appearance and motion to disburse the surplus funds to it, alleging that its second mortgage entitled it to the surplus generated from the foreclosure sale. The trial court held a hearing after which the court ordered disbursement to the Bank as its lien was superior to Household's *348 claim. Household appeals that order.
In determining who is entitled to surplus funds in a mortgage foreclosure, the general rule is that all encumbrances on mortgaged premises inferior to the mortgage on which the sale is based must be paid in order of time in which they respectively became liens, unless some equitable right demands a different order of payment. Tucker v. Crown Corp., 136 Fla. 517, 183 So. 740, 745 (1938); Waybright v. Turner, 129 Fla. 310, 176 So. 424, 428 (1937). The lien of the junior mortgage is not extinguished in the foreclosure but is instead transferred from the property to the fund that stands in the place of the property. Waybright, 176 So. at 428.
Household contends that the default against the Bank precludes the Bank from claiming entitlement to the surplus. A default admits only the well pled allegations of the complaint. Thus, when the Bank defaulted, all it admitted was the superiority of Federal's lien to its own and Federal's right to foreclose the Bank's lien interest in the property. In Schroth v. Cape Coral Bank, 377 So.2d 50, 51 (Fla. 2d DCA 1979), the court held that a property owner who did not appear in a mortgage foreclosure action until after the sale could still assert a claim to any surplus. The court remanded with directions to the trial court to hold a hearing "to determine the rights to the excess proceeds of all claimants who were defendants in the foreclosure suit, irrespective of whether they filed responsive pleadings." Id. (emphasis added). See also Hamilton v. Hughes, 737 So.2d 1248 (Fla. 5th DCA 1999).
Bank of America was named as a defendant in the mortgage foreclosure as a junior mortgagee. It was entitled to assert its claim to the surplus proceeds. We affirm the order of the trial court.
KLEIN and HAZOURI, JJ., concur.