JACOBUS, J.
The Appellants challenge the dismissal of their complaint and the subsequent entry of summary final judgment in favor of the Appellee. We agree that the complaint failed to state a cause of action and therefore affirm.
The Appellants are a group of creditors who fell victim to a Ponzi scheme when they invested in a company known as SOS Industries, Inc. (SOS). SOS was in the business of providing medical monitoring devices to people, mainly the elderly, which enabled them to alert emergency services in the event of an in-home emergency. Evidently, SOS purchased only a fraction of the devices it purported to put into service. Instead, the company used investors’ money to pay new investors in a classic Ponzi scheme.
The Appellants’ initial lawsuit against SOS included claims against two directors of the corporation, Glenn Green and Gary Martz, for breaching their fiduciary duty by not discovering the Ponzi scheme. Directors Green and Martz were unaware of this scheme, as it was perpetrated by the company president, William Kane.
The Appellee, Lexington Insurance Company, provided coverage to SOS Industries under two commercial comprehensive general liability insurance policies (CGL), which included professional liability coverage, and an umbrella policy. Lexington refused to defend Green and Martz in the SOS lawsuit on the basis that there was no coverage for the type of claim asserted by the Appellants. Green and Martz then sued Lexington for breach of contract and declaratory relief. Ultimately, Green and Martz entered into a consent judgment with the Appellants and assigned them claim against Lexington to the Appellants. The Appellants were substituted as parties.
*379 To complicate matters further, after Lexington was served with the complaint for failure to defend its insureds, it failed to timely answer, and a default was entered against it. When the Appellants moved for a judgment to be entered against Lexington in the amount of the consent judgment, Lexington defended by filing a motion to dismiss the complaint for failure to state a cause of action. The trial court found that under the unambiguous terms of the policy, Lexington had no duty to defend directors Green and Martz against the allegations in the SOS lawsuit. The trial court therefore granted the Ap-pellee’s motion to dismiss the complaint for failure to state a cause of action and denied the Appellants’ motion for entry of a judgment on the default and summary judgment on damages. We agree with the trial court’s decision.
The Appellants are not entitled to the entry of a judgment on the default if the coverage complaint fails to state a cause of action. The default operates as an admission by Lexington of the well-pled allegations of the complaint, but not as an admission of facts not properly pled or conclusions of law. See Hogan v. Garceau, 880 So.2d 823 (Fla. 5th DCA 2004); Becerra v. Equity Imps., Inc., 551 So.2d 486 (Fla. 3d DCA 1989). The defense of failure to state a cause of action may be raised by motion, even after a default, and may be raised at the trial on the merits. See Fla. R. Civ. P. 1.140(h)(2).
 Ultimately, the sufficiency of the coverage complaint hinges on whether the allegations that Lexington had a duty to defend Green and Martz in the SOS lawsuit are negated by the terms of the insurance policies. This is determined by examining the Fifth Amended Complaint in the SOS lawsuit, which is incorporated in the coverage complaint, and the plain language of the insurance policies, which are attached to the coverage complaint. Where a document on which the pleader relies in the complaint directly conflicts with the allegations of the complaint, the variance is fatal and the complaint is subject to dismissal for failure to state a cause of action. See Fladell v. Palm Beach County Canvassing Bd., 772 So.2d 1240, 1242 (Fla.2000); Geico Gen. Ins. Co. v. Grad, 849 So.2d 1196, 1199 (Fla. 4th DCA 2003).
“[A]n insurer must defend a lawsuit against its insured if the underlying complaint, when fairly read, alleges facts which create potential coverage under [the] policy.” McCreary v. Fla. Residential Prop. & Cas. Joint Underwriting Ass’n, 758 So.2d 692, 695 (Fla. 4th DCA 2000). The Fifth Amended Complaint alleges that Green and Martz breached their fiduciary duty to the Appellants by: (1) failing to examine the financial books and records of SOS; (2) failing to follow the recommendations of an accounting firm to obtain counsel to investigate questions relating to the operation of the business; and (3) negligently relying on the assertions of the company president, William Kane, that the accounting firm did not understand the nature of SOS’s business. As a result of the breach of duty of care by Green and Martz, the Appellants are alleged to have sustained monetary damages. Thus, the Fifth Amended Complaint alleges that, as directors, Green and Martz owed a duty to the Appellants to protect them from the Ponzi scheme perpetrated on them by William Kane.
The coverage complaint asserts that, under the professional liability endorsement contained in the CGL policies, Lexington was obligated to defend Green and Martz against the foregoing allegations of the Fifth Amended Complaint. The professional liability endorsement provided coverage for “those sums that the insured *380 becomes legally obligated to pay as damages because of negligent acts, errors, or omissions arising out of ‘professional services’ rendered for others by the insured.” The policy defined “professional services” as follows:
“Professional Services” shall mean professional services rendered in the business of selling, installing, maintaining, monitoring or providing connection services for:
1. Alarm/Security Systems
2. Phone Networks
3. Video/Video Dial-a-tone
4. Wireless Communications
5. Cable
6. Internet
7. Web and Fax services
This shall include design, feasibility studies and consulting that may result in the sale or installation of the services listed above.
We conclude that the acts and omissions of Green and Martz alleged in the Fifth Amended Complaint did not constitute “professional services rendered for others by the insured” under the policies issued by Lexington. Despite the complexities of the underlying litigation, the case boils down to this: Green and Martz’s negligence in failing to detect a fraudulent Pon-zi scheme engineered by the company president does not fall within the definition of “professional services” and, therefore, there is no coverage for the cause of action as set forth in the Fifth Amended Complaint. In other words, the plain language of the professional liability endorsement negated the cause of action alleged in the coverage complaint.
Accordingly, the trial court was correct in granting the Appellee’s motion to dismiss for failure to state a cause of action and in denying the Appellants’ motion for entry of a final judgment. The final judgment in favor of the Appellee is therefore affirmed.
AFFIRMED.
SAWAYA and ORFINGER, JJ„ concur.