WALLACE, Judge.
S.W. Florida Paradise Property, Inc., a Florida corporation (Paradise Property), petitions for certiorari review of the circuit court’s order denying its motion for protective order and ruling that all of its postjudgment pleadings “will be treated as a nullity” because of a default and a judgment after default entered against Paradise Property in the underlying action. Because the order under review will cause irreparable harm to Paradise Property and imposes a procedural bar that does not flow from a default, we grant the writ and quash the order.
Respondents’ predecessor in interest obtained a default and a final judgment of foreclosure after default against Paradise Property in the underlying mortgage foreclosure action. After the clerk of the court sold the subject property, the Respondents obtained a deficiency judgment against Paradise Property. In postjudgment enforcement proceedings, the Respondents served a subpoena duces tecum for deposition in aid of execution on Hernán Pineda as president and registered agent of Paradise Property. The subpoena required Mr. Pineda to appear for deposition in Charlotte County, Florida, and to produce at the deposition his “personal financial, business and property records and all other papers, passbooks, titles, registrations, record books, and books of account which tend to disclose the extent and nature of financial interest, property and property rights owned by you, either individually, jointly and/or beneficially,” among other things. Notably, Mr. Pineda is not a party to the underlying action, and the deficiency judgment does not name him as a judgment debtor. The deficiency judgment is against Paradise Property only, not against Mr. Pineda.[1]
Paradise Property filed a motion for protective order seeking to require Mr. Pineda’s deposition to be held in Lee County, where he resides, and to protect him from being required to produce his personal financial records.[2] At the hearing on Paradise Property’s motion, the circuit court found that the default previously entered against Paradise Property in the underlying mortgage foreclosure action precluded Paradise Property from filing any pleadings or making any argument concerning any postjudgment matter in *271 the case. Accordingly, it entered an order striking or denying Paradise Property’s motion without considering it on the merits.[3] The order states further that Paradise Property is precluded from filing any more pleadings in the action and that any pleadings it files “will be treated as a nullity.”
“A petition for writ of certiorari is the appropriate method to review a discovery order when the order departs from the essential requirements of the law, causes material injury throughout the remainder of the proceedings below, and effectively leaves no adequate remedy on appeal.” Segarra v. Segarra, 932 So.2d 1159, 1160 (Fla. 3d DCA 2006) (citing Nussbaumer v. State, 882 So.2d 1067, 1071 (Fla. 2d DCA 2004)). Here, the circuit court denied Paradise Property’s motion for protective order without considering its merits, thereby denying Paradise Property procedural due process. Not only did the circuit court decline to consider Paradise Property’s motion for protective order on the merits, it ruled that any pleading filed by Paradise Property in the underlying matter would “be treated as a nullity,” thereby prospectively denying Paradise Property procedural due process throughout the remainder of the underlying proceedings. Such a complete denial of due process to Paradise Property in connection with the proceedings in aid of execution constitutes the type of irreparable harm that is subject to certiorari review. See KG. v. Fla. Dep’t of Children & Families, 66 So.3d 366, 368 (Fla. 1st DCA 2011) (observing in the context of a petition for certiorari review from a shelter order that if the mother’s allegation that she was denied an opportunity to be heard on the petition were true, it would concern the type of harm that would be irreparable unless immediately addressed; otherwise “the entire proceeding [would be] based on a denial of [the mother’s] due process rights”).
Moreover, Mr. Pineda is not a party to the underlying action, and he should not be required to risk contempt for failure to appear at his deposition or for failing to produce the requested documents before having the opportunity to challenge the subpoena duces tecum for deposition. See Briggs v. Saldnes, 392 So.2d 263, 266 (Fla. 2d DCA 1980); see also Nussbau-mer, 882 So.2d at 1072 (citing Briggs for the foregoing proposition). If Mr. Pineda is wrongfully required to produce his personal financial records or if he is wrongfully required to appear for deposition somewhere other than his county of residence, he would not be able to obtain relief from that harm on subsequent appeal. See Rappoport v. Mercantile Bank, 17 So.3d 902, 906 (Fla. 2d DCA 2009) (observing “that the disclosure of personal financial information may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant” (quoting Straub v. Matte, 805 So.2d 99, 100 (Fla. 4th DCA 2002))); Triple Fish Am., Inc. v. Triple Fish Int’l, L.C., 839 So.2d 913, 914 n. 1 (Fla. 5th DCA 2003) (“Certiorari review is available to review trial court orders requiring that depositions take place at an erroneous location.”); see also Briggs, 392 So.2d at 266 (observing that a nonparty has no adequate remedy for harm caused by an erroneous discovery order on appeal from a final judgment because he or she is not a party to the proceeding in which the final judgment will be entered). Accordingly, the jurisdictional element for certiorari review is satisfied.
We also conclude that the circuit court’s order departs from the essential *272 requirements of the law. The circuit court prevented Paradise Property from challenging the subpoena or from filing any other pleadings in the case. In so doing, the circuit court adopted a drastically expansive view of the consequences of a default that departs from the essential requirements of the law.
A default admits liability as claimed in the pleading by the party seeking affirmative relief against the party in default. It operates as an admission of the well pleaded allegations of the pleading, except those concerning damages. It does not admit facts not pleaded, not properly pleaded or conclusions of law. Fair inferences will be made from the pleadings, but forced inferences will not. The party seeking affirmative relief may not be granted relief that is not supported by the pleadings or by substantive law applicable to the pleadings. A party in default may rely on these limitations. If the party seeking affirmative relief wants to assert a new or additional claim, it must be served on the party in default in the same manner as the initial pleading and he must be given an opportunity to defend against the claim. The effect of the admissions made by entry of a default is for purposes of the pending action only.
Henry P. Trawick, Jr., Trawick’s Florida Practice and Procedure § 25:4, at 457 (2012-2013 ed.) (emphasis added) (footnotes omitted); see also Hogan v. Garceau, 880 So.2d 823, 824 (Fla. 5th DCA 2004) (noting same); Hooters of Am., Inc. v. Carolina Wings, Inc., 655 So.2d 1231, 1233 (Fla. 1st DCA 1995) (noting same). Thus, while the entry of a default may preclude the defaulting party from challenging the well-pleaded allegations of the complaint, it does not bar the defaulting party from challenging errors occurring in postjudgment proceedings or other matters for which it is not bound under the well-pleaded allegations of the complaint.
For example, in Household Finance Services, Inc. v. Bank of America, N.A., 883 So.2d 346 (Fla. 4th DCA 2004), the Fourth District addressed whether the Bank could assert its entitlement to the surplus funds remaining after a foreclosure sale as a junior mortgagee, even though the Bank had defaulted in the underlying foreclosure action. In that case, the plaintiff instituted a mortgage foreclosure action against the mortgagor and others, including the Bank, which held a mortgage interest in the subject property that was inferior to the plaintiffs lien. The Bank defaulted in the foreclosure action by failing to file an answer, and the plaintiff proceeded to a judgment of foreclosure and sold the subject property. The plaintiff received the amount of its judgment, and the clerk retained the remaining proceeds pending further order by the court. Id. at 347.
When the defendant mortgagor’s assign-ee, Household Financial, filed a motion requesting an order for the disbursement of the surplus funds to it, the Bank filed a notice of appearance and a motion to disburse the surplus funds to it under its second mortgage. The trial court held that the Bank’s lien was superior to Household Financial’s lien, and Household Financial appealed. Id. at 347-48. On appeal, the Fourth District observed that, generally, encumbrances on mortgaged property inferior to the mortgage on which a sale is based are paid in the order in which they became liens, unless equity otherwise requires. The appellate court rejected Household Financial’s argument that the Bank’s default on the foreclosure complaint precluded it from claiming entitlement to the surplus from the foreclosure sale. In so doing, the court noted that “[a] default admits only the well pled allegations of the complaint. Thus, when the Bank defaulted, all it admitted was the *273 superiority of [the plaintiffs] lien to its own and [the plaintiffs] right to foreclose the Bank’s lien interest in the property.” Id. at 348.
Here, Paradise Property’s motion for protective order is unrelated to its admitted liability resulting from the default for failing to pay the underlying note as alleged in the foreclosure complaint. The allegations of the complaint do not address the unrelated issues of whether Mr. Pine-da should be required to attend a deposition in Charlotte County or whether he should be required to produce his personal financial records to aid the Respondents in collecting a judgment against Paradise Property. Thus Paradise Property’s default, which admitted the well-pleaded allegations of the foreclosure complaint, does not preclude it from seeking a protective order on behalf of Mr. Pineda, a nonparty who is not bound by the default, or from raising issues that are not resolved by the admitted allegations of the complaint. Moreover, it is conceivable that other issues may arise in the context of these proceedings in aid of execution that are not controlled by Paradise Property’s admissions under the default. Accordingly, the circuit court departed from the essential requirements of the law when it precluded Paradise Property from filing any other pleadings and ruled that any pleadings filed would “be treated as a nullity.”
For the foregoing reasons, we grant the petition, quash the order under review, and remand this case to the circuit court for further proceedings.
Writ granted, order quashed, and case remanded.
SILBERMAN, C.J., and BLACK, J., Concur.

. Mr. Pineda executed the note and mortgage attached to the complaint as its president. The complaint does not further identify Mr. Pineda or allege that he is responsible for the deficiency owed by Paradise Property.

. Neither Paradise Property nor the Respondents addressed in the circuit court or in this appeal whether Paradise Property has standing to object on behalf of Mr. Pineda to the location of his deposition or to the subpoena requiring him to produce his personal financial records. Accordingly, we do not reach this issue.

. The order states that Paradise Property’s motion is ''stricken and/or denied.”