# Third District Court of Appeal

## State of Florida

Opinion filed April 6, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-332
Lower Tribunal No. 10-1135-K
_____

**Francis P. Dudlar, et al.,**
Appellants,

vs.

**Mortgage Electronic Registration Systems, Inc., etc.,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

Wesoloski Carlson, P.A., and Erik D. Wesoloski, for appellants.

McCalla Raymer Liebert Pierce, LLC, and Charles P. Gufford (Orlando), for appellee.

Before FERNANDEZ, C.J., and EMAS and LOBREE, JJ.

PER CURIAM.

Affirmed. <u>See</u> § 45.031(1)(a),(7), Fla. Stat. (2014); § 45.032(1)(b), Fla.

Stat. (2014) ("'Subordinate lienholder' means the holder of a subordinate lien shown on the face of the pleadings as an encumbrance on the property. . . . A subordinate lienholder includes, but is not limited to, a subordinate mortgage . . . ."); Household Fin. Servs., Inc. v. Bank of Am., N.A., 883 So. 2d 346, 348 (Fla. 4th DCA 2004) ("Bank of America was named as a defendant in the mortgage foreclosure as a junior mortgagee. It was entitled to assert its claim to the surplus proceeds."); see also JP Morgan Chase Bank v. U.S. Bank Nat'l Ass'n, 929 So. 2d 651, 653-54 (Fla. 4th DCA 2006) (stating rule that "foreclosure of the first [lien] did not extinguish the second; it merely transferred the lien from the property to the surplus funds that took its place" and that "a surplus is payable to junior lienholders in accordance with their priority").