In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-2455

TRAVIS M. BONTE and JOLENE A. BONTE,

*Plaintiffs-Appellants,*

*v.*

U.S. BANK, N.A.,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 3:08-cv-00696—**Stephen L. Crocker**, *Magistrate Judge.*

ARGUED FEBRUARY 9, 2010—DECIDED OCTOBER 19, 2010

Before POSNER, ROVNER, and SYKES, *Circuit Judges.*

ROVNER, *Circuit Judge.* Travis and Jolene Bonte sued U.S. Bank, N.A. under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1640, *et seq.*, seeking mortgage rescission. Their complaint alleges that U.S. Bank succeeded a mortgage lender that violated TILA by misstating certain charges related to the Bontes' mortgage. The district court granted U.S. Bank's motion to dismiss, Fed. R. Civ. P. 12(b)(6), after concluding that the Bontes failed to

respond to U.S. Bank's contention that none of the misstatements identified in the complaint were "material," as required by TILA for mortgage rescission. The Bontes appeal, but again fail to provide any meaningful response to U.S. Bank's claim that none of the allegedly misstated disclosures entitle them to rescission. We thus affirm the dismissal of their complaint.

## I.

According to the facts in the complaint, which we accept as true at this stage, the Bontes own their home in Woodville, Wisconsin. In December 2005, they took out a third mortgage on the home through FMF Capital, LLC for approximately $315,000, payable over a 30-year period. The proceeds of the mortgage were used, in part, as payment on the Bontes' first mortgage with Chase Bank and their second mortgage with Bremer Bank. Subsequently, the loan was transferred to U.S. Bank, which initiated foreclosure proceedings against the Bontes. The foreclosure action was dismissed in April 2007.

The Bontes later filed suit in federal district court seeking rescission of the third mortgage based on "inaccurate and inconsistent disclosures" in their HUD-1 settlement statement and required TILA statement and disclosures. U.S. Bank moved to dismiss the Bontes' complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, arguing that none of the alleged errors in the disclosure statements related to a "material" disclosure, as required for rescission more

than three days after the mortgage. In response, the Bontes reiterated the allegations in their complaint and argued generally that TILA should be liberally construed in favor of consumers.

The district court granted U.S. Bank's motion to dismiss, concluding that the Bontes had failed to demonstrate that the facts laid out in their complaint entitled them to rescission. In response to U.S. Bank's assertion in its motion to dismiss that none of the ten allegedly misstated charges identified in the Bontes' complaint were "material," the Bontes had simply restated the facts set forth in their complaint and described the general legal standards applicable in TILA cases. Concluding that this failure to respond amounted to waiver, the district court dismissed their complaint for failure to state a claim. Waiver aside, the district court further concluded that U.S. Bank's arguments were substantively correct, entitling it to dismissal on the merits.

## II.

We review de novo the district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *E.g., Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). We accept all facts in the complaint as true, view them in the light most favorable to the Bontes, and draw all reasonable inferences in their favor. *Id.* Although the bar to survive a motion to dismiss is not high, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Because the Bontes seek rescission of their loan well outside the ordinary three-day period allowed under TILA, *see* 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(3), they must demonstrate that the lender failed to make a required "material" disclosure, *see* 15 U.S.C. § 1635(f) (extending right of rescission to earlier of three years or until the sale of the property); 12 C.F.R. § 226.23(a)(3); *see also R.G. Fin. Corp. v. Vergara-Nunez*, 446 F.3d 178, 187 (1st Cir. 2006) (noting that TILA allows rescission for up to three years when lender omits certain material disclosures). The Bontes' complaint identifies ten separate charges that differed on their TILA statement and disclosures and the accompanying HUD-1 settlement statement for the mortgage. The Bontes allege that taken together, the discrepancies between the two documents (both attached to the complaint) misstated the "APR, the amount financed, and finance charge associated with this transaction."

The disclosure requirements under TILA may be found in the statute itself, 15 U.S.C. §§ 1601 *et seq.*, the implementing regulation ("Regulation Z," promulgated by the Federal Reserve Board), 12 C.F.R. §§ 226.1-226.59, and the Federal Reserve Board's binding Staff Commentary, 12 C.F.R. pt. 226, Supp. I; *see also* 15 U.S.C. § 1604(a) (directing the Board to prescribe regulations implementing TILA) *amended by* PL 111-203, July 21, 2010, 124 Stat 1376. Ordinarily, we defer to the Commentary when interpreting TILA and its disclosure requirements. *See*

*Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 565 (1980) ("[D]eference [to the Federal Reserve Board] is especially appropriate in the process of interpreting the Truth in Lending Act and Regulation Z."); *Hamm v. Ameriquest Mortg. Co.*, 506 F.3d 525, 528 (7th Cir. 2007) ("Courts pay particular heed to the FRB Staff Commentary to TILA's regulations when evaluating an alleged TILA violation."). Section 226.18 of Regulation Z identifies eighteen pieces of information to be disclosed to borrowers in credit transactions such as the Bontes' mortgage. *See* 12 C.F.R. § 226.18(a)-(r).

Of these eighteen disclosures, the following five qualify as "material" so as to support rescission for up to three years: (1) the annual percentage rate ("APR"); (2) the finance charge; (3) the amount financed; (4) the total of payments; and (5) the payment schedule. *See* 12 C.F.R. § 226.23(a)(3). As stated above, the Bontes' complaint alleges that the charges listed on their TILA disclosure statement (which conformed to the model Truth-in-Lending Disclosure Statement in Appendix H-2 of Regulation Z) misstated the finance charge, the APR, and the amount financed. But the Bontes never explain *how* the ten allegedly misstated charges are related to the finance charge, the APR, and the amount financed.

The finance charge includes any fee or charge representing the cost of credit, from interest (ordinarily the largest component of the finance charge) to any transaction fees "imposed directly or indirectly by the creditor as an incident to or a condition of the extension of credit." 12 C.F.R. § 226.4(a). The APR and the amount

financed are derived from the finance charge and the amount of the note. *See* 12 C.F.R. § 226.22(a)(1) ("The annual percentage rate is a measure of the cost of credit, expressed as a yearly rate[.]"). The amount financed is the total loan amount after subtracting out any pre-paid finance charges. *See* 12 C.F.R. § 226.18(b) (amount financed is net amount of credit extended for the consumer's use). Thus, the APR and the amount financed are derived from the finance charge. The three together essentially represent the cost of credit. *Cf.* Fed. Deposit Ins. Corp., *FDIC Law, Regulations, Related Acts*, Part 226—Truth In Lending (Regulation Z) §226.1(b), http://www.fdic.gov/regulations/laws/rules/6500-1400.html (explaining that purpose of TILA "is to promote the informed use of consumer credit by requiring disclosures about its terms and cost").

In its motion to dismiss and again in its brief on appeal, U.S. Bank explains, with citations to the relevant regulations and Commentary, why none of the ten allegedly inaccurate charges identified in the Bontes' complaint are part of the APR, finance charge, or amount financed—in short, "material" disclosures as required for rescission under TILA. For example, four of the allegedly misstated charges identified in the complaint relate to disbursement of loan proceeds—i.e., how the Bontes used their loan (to pay off other mortgages). U.S. Bank maintains that disbursements to creditors and loan payoffs are unrelated to the finance charge, the APR, or the amount financed.

The Bontes also allege a discrepancy in the disclosure of property taxes, but property taxes are specifically

excluded from the finance charge by the binding Commentary. 12 C.F.R. Part 226, Supp. I, § 226.4(a)(1)(i)(A) (explaining that "taxes . . . paid by both cash and credit customers" are not finance charges). U.S. Bank further explains that four more of the alleged errors—title insurance, ARM endorsement, recording service fees, and courier fees—relate to charges paid to a title company, not a creditor. But with limited exceptions not alleged here, TILA specifically exempts fees payable to third parties such as title companies. *See* 15 U.S.C. § 1605(a) ("The finance charge shall not include fees and amounts imposed by third party closing agents (including . . . title companies)[.]"); 12 C.F.R. § 226.4(a)(2) (same). Moreover, these four charges are exempted from the finance charge by 15 U.S.C. § 1605(e)(1)-(6), which excludes fees for "title insurance" and other fees for "preparing loan-related documents*." See also* 12 C.F.R. § 226.4(c)(7). That leaves only the alleged misstatement of the settlement fees, which U.S. Bank contends are exempted by the same two exclusions just discussed. Moreover, U.S. Bank points out that the Bontes allege an overstatement of their settlement fees, and TILA prohibits only the *understatement* of the required disclosures. *See* 15 U.S.C. § 1605(f)(1)(B); 12 C.F.R. § 226.23(g)(1)(ii); *see also Carmichael v. The Payment Center, Inc.*, 336 F.3d 636, 641-42 (7th Cir. 2003) (affirming summary judgment for lender that overstated finance charge and total of payments because TILA "protects consumers only when the stated amount is *less* than the amount required to be disclosed") (emphasis in original).

In response, the Bontes repeat the mistake they made in the district court and essentially ignore U.S. Bank's

substantive arguments. Instead, they argue generally that their complaint properly alleged a TILA violation and that the district court erroneously held their complaint to a higher standard than that envisioned by *Twombly* and its progeny. They also by and large ignore the district court's holding on waiver and spend the majority of their brief discussing the liberal standard to be applied to complaints on a motion to dismiss and the fact that TILA is to be construed liberally in favor of consumers. True as that may be, it does little to establish that the allegations in the Bontes' complaint are in fact enough "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. U.S. Bank has cogently explained why, taking all of the allegations in the complaint as true, the Bontes have failed to demonstrate their entitlement to rescission under TILA.

The Bontes insist that their complaint is sufficient because it lays out with specificity "ten material and substantial errors in Lender's TILA disclosure of the amount financed, the finance charge, and the applicable APR." But as detailed above, none of the ten errors are in fact related to the amount financed, the finance charge, and the applicable APR, notwithstanding the Bontes' unsupported legal statement to the contrary. Although we are required at this stage to accept the Bontes' factual allegations as true, we are not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Iqbal*, 129 S. Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Instead of responding to U.S. Bank's arguments and explaining how a single charge in their complaint *does* relate to the cost of credit, the Bontes continue to protest that their allegation of ten discrepancies between the HUD-1 settlement statement and the TILA disclosures amounts to a satisfactory "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), showing their entitlement to relief. Not so. U.S. Bank has explained that the facts alleged, taken as true, simply do not give rise to a right to rescission—the only relief requested in the complaint. Thus, the liberal construction of TILA that the Bontes urge cannot save them from their failure to respond to U.S. Bank with an argument that the complaint does indeed support their entitlement to relief. *See Segal v. Geisha NYC, LLC*, 517 F.3d 501, 504 (7th Cir. 2008) ("[I]t is . . . clear that a complaint that satisfies Rule 8(a)'s pleading requirements might still warrant dismissal under Rule 12(b)(6) if the facts pled cannot result in any plausible relief.").

As explained by the Supreme Court in *Iqbal*, we follow a two-pronged approach in assessing the sufficiency of a complaint. First, we consider whether the complaint contains an adequate "short and plain statement of the claim showing that the pleader is entitled to relief," as required by Rule 8(a)(2). *Iqbal*, 129 S. Ct. at 1949. As the Bontes argue vigorously on appeal, their complaint satisfies this standard. It lays out the alleged discrepancies between the HUD-1 settlement statement and the TILA disclosures, and then labels them misstatements of the APR, amount financed, and finance charge—errors that would in theory be material and

support entitlement to rescission. On its face, it appears to be a plausible enough theory. *See Twombly*, 550 U.S. at 570 ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.").

Secondly, when the complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950. As it is now abundantly clear, it his here that the Bontes' complaint falls short. Assuming the truth of each of the ten allegedly misstated charges in the complaint, U.S. Bank lays out why the Bontes still are not entitled to rescission. The silence resulting from the Bontes' failure to file a response brief is deafening.

That silence leaves us to conclude, as did the district court, that the Bontes concede that the charges identified in their complaint are not "material" disclosures that would warrant rescission under TILA. Failure to respond to an argument—as the Bontes have done here—results in waiver. *See United States v. Farris*, 532 F.3d 615, 619 (7th Cir. 2008) ("Farris failed to respond to the Government's argument in a Reply Brief, and accordingly, we find that Farris waived his sufficiency of the evidence challenge[.]"); *Williams v. REP Corp.*, 302 F.3d 660, 667 (7th Cir. 2002) ("Yet, given another opportunity to address the effect of Trial Rule 4.4 in his reply brief, Mr. Williams again ignored the issue and, indeed, failed to respond to REP International's waiver argument. Under these circumstances, we must

hold that Mr. Williams has waived any argument that Trial Rule 4.4 would permit the exercise of personal jurisdiction over REP International."). Just as the Bontes fail on appeal to grapple with the basis of the district court's decision, they fail completely to respond to the specific arguments set forth in U.S. Bank's brief as to why their complaint fails to state a claim for relief. *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1042 (7th Cir. 1999) ("If [judges] are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning."); *see also County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006) ("When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action.") (internal quotations omitted).

As to the district court's similar conclusion that the Bontes conceded the validity of U.S. Bank's arguments by failing to respond, they have yet again provided precious little in the way of argument. The Bontes do assert in their brief that their response in the district court to U.S. Bank's motion to dismiss was not tantamount to waiver. Specifically, the Bontes claim that because they "opposed the lender's motion for dismissal, and identified for the lower court the factual and legal basis for their claim for TILA rescission," their response "did not constitute a 'waiver' by any stretch of the imagination." But they seem to have again missed the point: identifying the "factual and legal basis" of their claim does little to save them from dismissal when U.S. Bank

has painstakingly explained precisely why that factual basis, taken as true, does not in fact warrant the requested relief.

In sum, the Bontes have largely failed on appeal to grapple with the basis of the district court's decision—their waiver resulting from their failure to respond to the merits of U.S. Bank's motion to dismiss. More importantly, they have repeated that failure again on appeal. Their failure to respond to U.S. Bank's arguments leads us also to conclude that they have waived any argument that the allegedly erroneous TILA disclosures are in fact "material." This leaves us no choice but to accept U.S. Bank's assertions—supported as they are by pertinent legal authority—that the allegations in the Bontes' complaint do not entitle them to relief.

### III.

For the foregoing reasons, we AFFIRM the judgment of the district court dismissing the Bontes' complaint for failure to state a claim upon which relief may be granted.