[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-14868

_____

D.C. Docket No. 1:14-cv-03310-AT

MICHAEL J. BAZEMORE,
VIVIAN R. BAZEMORE,

Plaintiffs - Appellants,

versus

U.S. BANK, N.A.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 7, 2017)

Before JULIE CARNES and BLACK, Circuit Judges, and WILLIAMS,[*] Judge.

PER CURIAM:

Plaintiffs-Appellants Michael J. and Vivian R. Bazemore appeal the district court's grant of judgment on the pleadings to Defendant-Appellee U.S. Bank, N.A. (the Bank) in their suit brought pursuant to the Truth in Lending Act, 15 U.S.C. § 1601 et seq.  The Bazemores sought a declaration that they validly rescinded their loan pursuant to 15 U.S.C. § 1635.  The district court found the declaratory judgment count of the Bazemores' complaint was time barred under 15 U.S.C. § 1640(e).[1]  The Bazemores contend this was error because the one-year limitations period set forth in § 1640(e) is not applicable to a suit seeking a declaratory judgment.

We need not address this argument, however, because the judgment of the district court can be affirmed on independent grounds.  *See Lage v. Ocwen Loan Servicing LLC*, 839 F.3d 1003, 1009 (11th Cir. 2016) ("We may affirm for any reason supported by the record, even if not relied upon by the district court." (quotation omitted)).  The Bazemores' amended complaint does not allege the Bank failed to make any specific disclosure that would entitle them to rescission under § 1635.  The sole allegation on which the Bazemores rely reads as follows:

---

[*] Honorable Kathleen M. Williams, United States District Judge for the Southern District of Florida, sitting by designation.

[1] The Bazemores also asserted two damages counts under the Act and the district court found they were time barred under § 1640(e) as well.

"Specifically, [the Bank] has not complied in any manner with the requirements of 15 U.S.C. § 1635." This is insufficient; we "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) (quotation omitted); *see also Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 465 (7th Cir. 2010) (rejecting "unsupported legal statement" that bank failed to disclose material terms). Allegations that "are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009). The mere statement that the Bank "has not complied in any manner" with § 1635 is a legal conclusion, and the Bazemores have alleged no facts to support it.[2] *See id.* ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). We therefore affirm the judgment of the district court.[3]

    **AFFIRMED.**

---

[2] The Bazemores' proposed Second Amended Complaint recites an identical allegation unaccompanied by any additional factual support.

[3] The Bazemores' arguments pertaining to the dismissal of their claims for damages against the Bank were not raised before the district court and if they were, they fail on the merits. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." (quotation omitted)).