rel: May 19, 2023

Notice: This opinion is subject to formal revision before publication in the advance sheets of Southern Reporter. Readers are requested to notify the Reporter of Decisions, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in Southern Reporter.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2022-2023

_____

### SC-2022-0474

_____

**Debbie Berry**

**v.**

**PHH Mortgage Corporation**

**Appeal from Montgomery Circuit Court**
**(CV-19-902199)**

PARKER, Chief Justice.

Debbie Berry appeals from the Montgomery Circuit Court's summary judgment in favor of PHH Mortgage Corporation ("PHH") on PHH's ejectment claim and Berry's breach-of-contract counterclaim. We affirm the judgment because Berry has waived most of the arguments

she raises on appeal by failing to address the effects of her prior settlement with PHH's predecessor and because her other appellate arguments fail to demonstrate that the circuit court erred.

## I. Facts

The following facts are derived from the summary-judgment evidence, as viewed in the light most favorable to Berry as the nonmovant. See Ex parte Kelley, 296 So. 3d 822, 833 (Ala. 2019). In 2000, Berry purchased a residential property in Montgomery. For the purchase-money loan, Berry signed a promissory note and mortgage in favor of Presidential Mortgage Corporation. Because the loan was guaranteed by the Federal Housing Administration, the note and mortgage referenced regulations promulgated by the United States Department of Housing and Urban Development ("HUD"). At some point, Berry fell behind in her payments. The mortgage was eventually assigned to Ocwen Loan Servicing, LLC ("Ocwen").

Berry sued Ocwen, although the details of that case are not in the record. Ocwen removed that case to federal court. The case was resolved by a settlement agreement in which Berry released all claims she may have had relating to Ocwen as of July 7, 2019. Further details of that

settlement are not in the record.

Ocwen initiated foreclosure proceedings on the property. Ocwen later merged with PHH. At the foreclosure sale, PHH purchased the property. PHH then mailed Berry a notice to vacate the property, but Berry did not move out.

PHH commenced an action against Berry for ejectment. Berry filed an answer and counterclaims, including a breach-of-contract counterclaim. In the answer, Berry raised issues regarding PHH's ownership of the note and mortgage, PHH's compliance with HUD loss-mitigation requirements, and PHH's compliance with requirements regarding notices of default and of acceleration of the loan. In the counterclaims, Berry raised the HUD-requirements issue and the notices issue.

PHH moved for a summary judgment on its ejectment claim and Berry's counterclaims. Among other arguments, PHH contended that Berry's settlement release of Ocwen precluded Berry's counterclaims to the extent that they were based on conduct that occurred on or before July 7, 2019. In particular, PHH asserted, Berry's HUD-requirements issue was completely precluded. In addition, in support of the motion,

PHH filed affidavits of a PHH employee and of an employee of iMailTracking, LLC.

Berry filed a response to the motion for a summary judgment, but the response did not address PHH's settlement-release argument. In the response, within Berry's discussion of her defenses to PHH's ejectment claim, she added an argument that PHH had failed to show that it had provided Berry a required notice of the foreclosure sale.[1] Berry also moved to strike the employees' affidavits.

The circuit court denied Berry's motion to strike the affidavits, granted PHH's motion for a summary judgment, and entered judgment. The court's judgment stated that it was granting the summary-judgment motion "[f]or the reasons set forth in PHH's Motion for Summary Judgment." By that language, the judgment is deemed to have incorporated PHH's argument that the settlement release precluded Berry's counterclaims' assertion that PHH had failed to comply with HUD loss-mitigation requirements. See McCloud v. City of Irondale, 622

---

[1]PHH did not object to Berry's assertion of that new issue that had not been raised in Berry's answer. We assume, without deciding, that Berry's response argument effectively expanded her ejectment defenses to include the foreclosure-sale-notice issue.

So. 2d 1272, 1273 (Ala. 1993) ("When the trial court does not give specific reasons for entering a summary judgment, we will affirm the judgment if there is any ground upon which the judgment could have been based."). Berry filed a motion to vacate the judgment under Rule 59(e), Ala. R. Civ. P., which was denied without a hearing. Berry appeals.

## II. Analysis

Berry challenges the summary judgment as to PHH's ejectment claim, arguing her various defenses, and as to her breach-of-contract counterclaim. She also argues that the circuit court erred by failing to hold a hearing on her motion to vacate the judgment.

## A. PHH's ejectment claim

In Berry's opening brief, she argues that the circuit court erred in entering a summary judgment as to PHH's ejectment claim because, according to her, PHH failed to submit evidence that it owned the note and mortgage; failed to comply with HUD loss-mitigation requirements; and failed to provide Berry proper notices of default, of acceleration, and of the foreclosure sale. Berry does not mention the settlement release of claims against Ocwen.

In PHH's brief, it argues that each of Berry's purported defenses to

ejectment (except the specific issue of failure to provide notice of the foreclosure sale) was precluded by the settlement release. As previously noted, the circuit court's judgment is deemed to have incorporated PHH's argument that the release precluded an issue within Berry's counterclaims, but the court did not incorporate any argument about the release's effect on Berry's ejectment defenses. Thus, PHH's argument essentially proposes the release as an alternative basis for affirmance of the judgment as to the ejectment claim, beyond the bases relied on by the circuit court.

In Berry's reply brief, she does not address the release's effect on her ejectment defenses; in fact, she again fails to mention the release at all. When an appellee argues in its brief a basis for affirmance that was not relied on by the trial court, and the appellant does not respond to that alternative basis in its reply brief, the appellant waives any argument against that basis for affirmance. See Sabra v. Maricopa Cnty. Cmty. Coll. Dist., 44 F.4th 867, 881-83 (9th Cir. 2022) (thoroughly discussing this point of appellate procedure); cf. United States v. Rodriguez, 15 F.3d 408, 414 n.7 (5th Cir. 1994) ("[A] reply brief ... is ... called for ... when a new point or issue ... is raised in the appellee's brief."); Bonte v. U.S.

6

Bank, N.A., 624 F.3d 461, 463-67 (7th Cir. 2010) (holding that appellant waived an issue by failing to respond to appellee's argument that was not anticipated by appellant's opening brief); Ed R. Haden, Preventing Waiver of Arguments on Appeal, 68 Ala. Law. 302, 307 (2007) ("[I]f an appellee does raise an issue for the first time in its brief, failure to respond at all to that issue may result in waiver.").[2] Thus Berry, by failing to address in her reply brief the effect of the release on her ejectment defenses, has waived each of her issues relating to those defenses, except the foreclosure-sale-notice issue that PHH concedes is not precluded.

---

[2]Although a reply brief is not required in every case, see Rule 28(c), Ala. R. App. P., that does not mean that a reply brief is not necessary in situations in which it is the only vehicle for rebutting an alternative basis for affirmance that is raised in the appellee's brief. See Sabra v. Maricopa Cnty. Cmty. Coll. Dist., 44 F.4th 867, 882 (9th Cir. 2022) ("Though our rules do not require appellants to file reply briefs, nothing about that fact suggests that appellants can avoid the effect of disregarding an argument presented by the appellee."). Many procedural steps are not universally required in every case but are required in certain situations to avoid waiver. In general, such steps are required when they are necessary to meet the universal requirement of apprising a court of the party's position. See, e.g., Lay v. Destafino, [Ms. 1210383, Feb. 17, 2023] ___ So. 3d ___, ___ (Ala. 2023) ("While it is true that postjudgment motions under Rule 59(e)[, Ala. R. Civ. P.,] are usually elective rather than mandatory, such a motion is necessary to preserve an objection for appellate review when … that motion is the only possible mechanism for bringing the alleged error to the trial court's attention.").

Regarding that foreclosure-sale-notice issue, Berry argues that PHH did not submit evidence that it had provided her a proper notice of the foreclosure sale. But as Berry admits, PHH submitted two affidavits, one of a PHH employee and the other of an employee of iMailTracking, LLC. Both affiants testified that the foreclosure-sale notice was provided, and both attached documents supporting that testimony.

Berry contends, apparently in the alternative, that that testimony and those documents were inadmissible evidence. She extensively argues why the affidavit of PHH's employee was inadmissible. However, regarding the affidavit of the employee of iMailTracking, LLC, Berry's only relevant assertions are that the affidavit

> "fail[s] to show that [the employee] had personal knowledge of the events ... and ... fail[s] to show the [employee] is competent to testify about the matters asserted in the affidavit. The [employee] references [a] ... notice of sale allegedly sent to Berry but has no knowledge of whether it was sent. ... Furthermore, the [employee] references 'records' which he relies on to make this statement in his affidavit but fails to attach copies of any such records ...."

Berry's brief at 56. Regarding personal knowledge and competency to testify, the employee testified in the affidavit that his testimony was "based on personal knowledge that [he had] obtained through [his] employment with iMailTracking, LLC[,] and upon review of client

records kept in the ordinary course of business." He also testified that he was "familiar with the operations and recordkeeping practices of iMailTracking, LLC." Berry does not explain why these statements were not sufficient to show the employee's personal knowledge and competency to testify. Regarding the employee's knowledge of whether the foreclosure-sale notice was sent, the employee testified that it was sent based on his personal knowledge obtained through his employment and upon review of records, as noted above. Berry also does not explain why that testimony was insufficient. Finally, Berry's assertion that the employee "references 'records' which he relies on to make this statement in his affidavit [that the foreclosure-sale notice was sent] but fails to attach copies of any such records" is patently false. The employee specifically attached to his affidavit the records showing that the foreclosure-sale notice was sent.

Thus, Berry has failed to demonstrate that the iMailTracking, LLC, employee's affidavit and its attached records were inadmissible. And that affidavit and those records were evidence, independent of the PHH employee's affidavit, that the foreclosure-sale notice was provided. Accordingly, Berry has failed to demonstrate that PHH did not submit

9

admissible evidence that it provided her proper notice of the foreclosure sale.

### B. Berry's breach-of-contract counterclaim

Berry contends that the circuit court erred in entering the summary judgment as to her breach-of-contract counterclaim because, she asserts, PHH did not comply with HUD loss-mitigation requirements. As explained above, however, the summary judgment as to Berry's counterclaims is deemed to have been based partly on PHH's argument that the HUD-requirements issue was precluded by the settlement release. Berry does not address the release in her opening brief (or her reply brief).

> "When an appellant confronts an issue below that the appellee contends warrants a judgment in its favor and the trial court's order does not specify a basis for its ruling, the omission of any argument on appeal as to that issue in the appellant's principal brief constitutes a waiver with respect to the issue."

Fogarty v. Southworth, 953 So. 2d 1225, 1232 (Ala. 2006). By ignoring the release, Berry has waived any argument that the release did not preclude the HUD-requirements issue as to her counterclaims. Therefore, Berry has not shown that the circuit court erred in entering the summary judgment as to her breach-of-contract counterclaim.

### C. Absence of a hearing on Berry's Rule 59(e) motion

Berry contends that the circuit court erred by denying her motion to vacate the summary judgment, filed under Rule 59(e), Ala. R. Civ. P., without first conducting a hearing. Ordinarily, a Rule 59 motion "shall not be ruled upon until the parties have had opportunity to be heard thereon." Rule 59(g). But here, nothing in the record indicates that Berry requested a hearing on the motion. And Rule 59(g)'s hearing requirement is not self-effectuating; the movant must request a hearing in order for the requirement to apply. Henderson v. Henderson, 227 So. 3d 62, 73 (Ala. Civ. App. 2017); Antoine v. Oxmoor Preservation/One, LLC, 130 So. 3d 1204, 1212 (Ala. Civ. App. 2012); see Greene v. Thompson, 554 So. 2d 376, 381 (Ala. 1989) (holding that trial court did not err in denying Rule 59 motion with a hearing because movant did not request one). Because the record does not indicate that Berry requested a hearing, she has failed to demonstrate that the circuit court erred in not conducting one.

### III. Conclusion

For the foregoing reasons, we affirm the summary judgment.

AFFIRMED.

Shaw, Bryan, Mendheim, and Mitchell, JJ., concur.

11